PRESENT: Carrico, C.J., Compton, Lacy, Keenan, Koontz, and
Kinser, JJ., and Stephenson, Senior Justice

INDER CHAWLA, ET AL.

                                          OPINION BY
v.  Record No. 970941    SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
                                          April 17, 1998
BURGERBUSTERS, INC.

                FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                     William Shore Robertson, Judge

     In this appeal, we consider, inter alia, whether the trial

court erred in (1) interpreting and applying a provision in a

lease providing for the payment of attorneys' fees and (2)

placing upon the defendants the burden of proving that the

attorneys' fees claimed by the plaintiff were unreasonable.

                                    I

     The attorneys' fees in question were incurred by

BurgerBusters, Inc. (BurgerBusters), a tenant in a shopping

center, in a chancery suit it brought against Inder and Vera V.

Chawla (the Chawlas), the owners of the shopping center and

BurgerBusters' landlord.  In the suit, BurgerBusters claimed

that the Chawlas breached the lease agreement by leasing space

in the shopping center to a bank and by constructing a bank

building which was not a structure or use "substantially shown"

on the site plan attached to the lease.  BurgerBusters contended

that the bank was not a "retail" establishment, that the bank

occupied less than the 4,500 square feet of space shown on the

site plan, and that the bank deprived BurgerBusters of four

parking spaces.  BurgerBusters sought an injunction requiring the demolition of the bank building, restoration of the four parking spaces, damages, and attorneys' fees and costs.

In their answer, the Chawlas denied that they had breached the lease.  By their amended cross-bill, the Chawlas alleged that BurgerBusters had unreasonably refused to consent to the construction of the bank building.  Among other relief, they sought to have the lease reformed; however, the trial court denied all relief.

The trial court also denied BurgerBusters' claim for monetary damages.  The court was unable to conclude that the lease term "retail" did not encompass a bank.  However, the court did conclude that the bank building and its drive-thru lanes did not substantially conform in size, shape, or structure to the site plan attached to the lease.  The court ordered that the structure be enlarged to approximately 4,500 square feet or, in the alternative, be demolished.

Thereafter, both BurgerBusters and the Chawlas sought recovery of attorneys' fees expended in the chancery suit based upon the following provision in the lease:

> Tenant shall pay to Landlord and Landlord shall pay to Tenant all costs and expenses, including attorney fees, incurred . . . in exercising any of their rights or remedies hereunder or in enforcing any of the terms, conditions or provisions hereof.

The trial court concluded that BurgerBusters was, and the Chawlas were not, entitled to recover attorneys' fees.

The trial court then ordered an issue out of chancery, and, after a two-day hearing, the jury rendered an advisory verdict, awarding BurgerBusters $446,389.56, the precise amount of attorneys' fees it had claimed. The court denied the Chawlas' motion to set aside the verdict and entered a final judgment in accordance with the verdict. The Chawlas appeal.

                                II

The evidence established that BurgerBusters' attorneys expended approximately 3,150 hours on the chancery suit. More than 300 pleadings were filed, 15 to 20 depositions were taken, and approximately 50 distinct motions were filed. Thirty separate court hearings were conducted, including a seven-day trial.

Each party called an attorney as an expert witness. The Chawlas' expert opined that BurgerBusters' fee application was unreasonable. He described the case as "straightforward . . . not a complex matter" and as one that could have been handled by a single lawyer assisted by an associate or a paralegal. Instead, he noted, BurgerBusters had been represented by 11 lawyers, three paralegals, and a summer associate. He also observed that, "when you have all of these lawyers working on things, you've got a duplication of effort."

3

He believed that a reasonable fee in the case would have been "in the range of $30,000.00 to $40,000.00."

BurgerBusters' expert opined that, given the magnitude of the case and the issues involved, the attorneys' fees were reasonable. He noted that the hourly rates charged were on the lower end of the scale of charges for legal services in the Northern Virginia area.

### III

The Chawlas first contend that the trial court erred in denying their recovery of attorneys' fees for their successful defense of some of BurgerBusters' claims. They rely upon the provision in the lease which provides that each party shall pay to the other attorneys' fees incurred by them "in exercising any of their rights or remedies [under the lease] or in enforcing any of the terms, conditions or provisions [of the lease]."

Although the trial court correctly found that "[the Chawlas] prevailed on a number of the substantive issues in the case," the court, nonetheless, denied the Chawlas' request because "their prevailing was in the defensive nature and not in the exercising of rights or remedies or enforcing terms." We think the trial court erred.

In interpreting a provision in a lease, as with any contract, a court looks to the plain meaning of the language employed and gives the language its intended effect. Amos v.

4

Coffey, 228 Va. 88, 92-93, 320 S.E.2d 335, 337 (1984). Thus, courts must interpret a lease as written and not make a new and different contract for the parties. Great Falls Hardware v. South Lakes Village Ctr., 238 Va. 123, 125-26, 380 S.E.2d 642, 643-44 (1989); Berry v. Klinger, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983).

In the present case, we do not read the lease provision to limit recovery of attorneys' fees solely to the plaintiff; rather, we think both the plaintiff and the defendants may exercise rights and remedies under the lease and enforce its terms, conditions, or provisions. Here, BurgerBusters, in exercising its rights and remedies under the lease, claimed that a bank was not a "retail" establishment, and the Chawlas claimed that it was. On that issue, the trial court was in equipoise and ruled that the bank could remain in the shopping center as a "retail" concern. Therefore, the Chawlas prevailed on that issue. They also prevailed when the trial court denied BurgerBusters' claim for monetary damages. To the extent, therefore, that the Chawlas were successful in the litigation, they were entitled under the lease to recover their reasonable attorneys' fees.

IV

The Chawlas further contend that the trial court erred in placing on them the burden of establishing that the attorneys'

5

fees sought by BurgerBusters were unreasonable and in so instructing the jury. BurgerBusters claims that the Chawlas failed to preserve these issues for appeal and that, even if the issues were preserved, the trial court ruled correctly.

We first consider whether these issues were preserved for appeal. Several months before trial of the attorneys'-fee issue, BurgerBusters filed a "motion for a determination of which party shall bear the burden of proof on the amount of fees and costs to be awarded [BurgerBusters] under the parties' lease." The court heard argument on the motion on May 20, 1996. The Chawlas presented the court with a memorandum of law and oral argument in support of their contention that the burden of proof was upon BurgerBusters. By an order entered July 1, 1996, the court ruled that "the [Chawlas] shall bear the burden of proof on the issue of whether [BurgerBusters'] costs and expenses are excessive or unreasonable." Counsel for the Chawlas endorsed the order as "seen and objected to for the reasons stated on the record on May 20, 1996 and also for the reasons set forth in [the Chawlas'] exceptions attached hereto." The attachment contained a clear statement of the Chawlas' position on the burden-of-proof issue.

On December 1, 1996, the trial court entered a "pretrial order" in which it restated its previous ruling on the burden of proof and also listed the various factors the jury would

6

consider in reaching "the ultimate decision."  Counsel for the Chawlas endorsed the December 1, 1996 order as "SEEN AND AGREED."  Then, when the trial court instructed the jury that the Chawlas had the burden of proof on the issue of the reasonableness of BurgerBusters' attorneys' fees, the Chawlas failed to object on the ground the burden was misplaced.

However, when the decree appealed from was entered on February 7, 1997, counsel for the Chawlas endorsed the decree as "SEEN AND OBJECTED TO: -- See . . . pleading entitled Exceptions to Decree . . . filed on Feb. 7, 1997."  The exceptions included a lengthy reiteration of the Chawlas' position on the burden-of-proof issue.

BurgerBusters contends that the Chawlas waived or abandoned their earlier objection to the court's ruling on the burden of proof when their counsel endorsed the pretrial order as "seen and agreed" and when their counsel failed to object to the jury instruction.  We do not agree.

Rule 5:25 provides, in part, that "[e]rror will not be sustained to any ruling of the trial court . . . unless the objection was stated with reasonable certainty at the time of the ruling."  The purpose of requiring timely specific objections is to afford a trial court the opportunity to rule intelligently on the issues presented, thereby avoiding unnecessary appeals and reversals.  Wright v. Norfolk and

7

Western Railway Co., 245 Va. 160, 167-68, 427 S.E.2d 724, 728 (1993). In 1992, Code § 8.01-384(A) was amended to provide, in pertinent part, as follows:

> No party, after having made an objection . . . known to the court, shall be required to make such objection . . . again in order to preserve his right to appeal . . . a ruling, order, or action of the court. No party shall be deemed to have agreed to, or acquiesced in, any written order of a trial court so as to forfeit his right to contest such order on appeal except by express written agreement in his endorsement of the order.

Waiver is the voluntary and intentional abandonment of a known legal right, advantage, or privilege. Weidman v. Babcock, 241 Va. 40, 45, 400 S.E.2d 164, 167 (1991); Fox v. Deese, 234 Va. 412, 425, 362 S.E.2d 699, 707 (1987). The essential elements of waiver are knowledge of the facts basic to the exercise of the right and intent to relinquish that right. Weidman, 241 Va. at 45, 400 S.E.2d at 167; Fox, 234 Va. at 425, 362 S.E.2d at 707. Waiver of a legal right will be implied only upon clear and unmistakable proof of the intention to waive such right for the essence of waiver is voluntary choice. Weidman, 241 Va. at 45, 400 S.E.2d at 167; May v. Martin, 205 Va. 397, 404, 137 S.E.2d 860, 865 (1964).

In the present case, the Chawlas' counsel made clear to the trial court his objection to the ruling respecting the burden of proof issue and never abandoned or evidenced an intent to

8

abandon the objection.  Thus, the Chawlas preserved the issue for appeal.

We now consider the substantive issue; i.e., whether the trial court erred in placing upon the Chawlas the burden of proving that the attorneys' fees claimed by BurgerBusters were unreasonable.  The trial court instructed the jury, in pertinent part, as follows:

> [T]he burden is on [the Chawlas] to show that the attorneys' fees . . . claimed by BurgerBusters are excessive or unreasonable . . . .
>
> You may award BurgerBusters each item of fees . . . shown in its fee application unless the Chawlas prove by the greater weight of the evidence that such item is excessive or unreasonable.

Recently, in Seyfarth, Shaw v. Lake Fairfax Seven Ltd. Prtnrshp., 253 Va. 93, 96, 480 S.E.2d 471, 473 (1997), decided after the trial court's decision in the present case, we held that "[a]n attorney who seeks to recover legal fees . . . must establish, as an element of the attorney's prima facie case, that the fees charged . . . are reasonable."  In determining whether a party has established a prima facie case of reasonableness, a fact finder may consider, inter alia, the time and effort expended by the attorney, the nature of the services rendered, the complexity of the services, the value of the services to the client, the results obtained, whether the fees incurred were consistent with those generally charged for

9

similar services, and whether the services were necessary and appropriate.  Id. at 97, 480 S.E.2d at 473.

We think Seyfarth, Shaw is dispositive of the issue in the present case.  The party claiming the legal fees has the burden of proving prima facie that the fees are reasonable and were necessary.

We hold, therefore, that the trial court erred in placing upon the Chawlas the burden of proving that the attorneys' fees claimed by BurgerBusters were unreasonable.

V

For the reasons stated, we will reverse the trial court's judgment and remand the case for a new trial.  Upon remand, each party will have the burden of establishing, as an element of its prima facie case, that the attorneys' fees it seeks are reasonable in relation to the results obtained and were necessary.  Neither party shall be entitled to recover fees for duplicative work or for work that was performed on unsuccessful claims.

Reversed and remanded.