# CIRCUIT COURT OF THE CITY OF RICHMOND

Southtrust Bank

v.

Mary B. Clary et al.

Case No. LR-2488-1

Southtrust Bank

v.

Cloverhill
Development Co., L.L.C., et al.

Case No. LR-2489-1

Southtrust Bank

v.

Charles E. Ayers et al.

Case No. LR-2490-1

April 6, 2005

BY JUDGE MELVIN R. HUGHES, JR.

These consolidated cases are before the court on Southtrust Bank's request for attorney's fees and costs in three suits brought by the bank to collect on promissory notes and guarantees. In two of the cases, the bank obtained

judgments. In the third, the defendants paid the principal balance and interest before judgment was obtained.

In Case No. 2488-1 the bank obtained a judgment in the amount of $282,388.89 with interest against Mary Clary and the Estate of Beverley B. Clary, Jr.

In Case No. 2489-1 the bank obtained judgment in the amount of $523,096.29 with interest against Pace M. Fonville and Carroll Stay Fonville. In this case the bank also obtained judgment in the amount of $541,348.52 with interest against Mary Clary, the Estate of Beverly B. Clary, Charles E. Ayers, Jr., and Clover Development Co., L.L.C.

In another case, Case No. 2490-1, defendants Fonvilles and Ayers paid the note in full.

There is no dispute that the notes all carry provisions that allow the bank to recover attorney's fees and expenses incurred for collection "upon default." Counsel has submitted time charge documentation which shows the time spent in collection attempts on judgments obtained against the defendants.

The amounts sought include fee estimates to collect on the various judgments, pursuing out of state collateral, and other collection vehicles including garnishments, debtor interrogatories, etc.

At a hearing on the fee request, the bank, over defendants' objection, presented expert testimony as the propriety of the amount of and methodology utilized in its fee requests. The breakdown in what the bank calls the 001 account is as follows:

| | |
|---|---|
| Attorney's fees | $ 98,521.67 |
| Costs | 15,051.63 |
| Expert witness | 17,045.70 |
| Estimated future fees and costs | 18,000.00 |
| | |
| Total | $148,619.00 |

The bank seeks $23,002.88 on another account 002.

All defendants contest the reasonableness of the fees requested mostly on common grounds. These can be summarized from the positions the Fonvilles have asserted in contesting any award of fees against them.

First, they contest the right of the bank to recover $20,847.50 as fee charges incurred in seeking the recovery of fees and costs. Second, they contend that they should not be held liable for expert witness fees of $17,045.70 incurred in the bank's attempt to collect fees and costs. The expert did not address

mandatory and contractual deductions, has a conflict of interest, and his testimony does not support reasonableness. Further, expert fees should not be allowed because fees and expenses incurred seeking fees and costs should not be permitted. Third, they contend that the bank is not entitled to recover $18,000 for future collection efforts. This is speculative and unreasonable. Fourth, they argue that the bank should not be entitled to recover $34,567.11 in fees incurred prior to default. Fifth, they contest $47,998.04, an amount which is insufficient in detail in the bank's counsel's time records. Sixth, they oppose the award of $84,555.00, a sum due under block billing (i.e. fees incurred but not identified to any particular note but lumped together and divided by the number of notes). Seventh, the methodology used to determine the fees is flawed and unreasonable. They say $74,309.50 applies to this category. The amounts listed are not cumulative, due to overlapping fees and costs which defendants contend are improper. Defendants contend that the bank should only be entitled to $1,864.15, if any.

The bank contends that the Fonvilles waived any right to contest its request for fees and costs. It cites the Fonville's counsel's letter of April 13, 2004, in which the Fonvilles agree not to contest the bank's request for fees if certain collateral was released. The collateral was released, and the Fonvilles are estopped from contesting the bank's request the bank argues. Responding, the Fonvilles acknowledge their agreement, but argue it was conditioned on a fee request that is reasonable. The court agrees with this position. However, the court does not find that the fee request is unreasonable and will allow the fees and expenses claimed. Further, the Fonvilles agreement to not contest the bank's fees and costs waives their objection.

The court finds that the defendants in large part are responsible for the magnitude of the fees claimed. The parties are under a contract in various notes that calls for an award of attorney's fees in the event of default. In reviewing the fee requests, the court considers the time involved, the nature of the service rendered, their complexity, value, and the necessity and appropriateness of the services rendered. *See Chawla v. BurgerBusters*, 255 Va. 616, 499 S.E.2d 827 (1998). In its Proposed Findings of Fact and Conclusions of Law, the bank outlined its position in anticipation of a trial on the notes which was then set for August 10, 2004. In several pages of proposed facts and conclusions, the bank set out its position as to how and why the various signers and guarantors should be held liable on the notes in these cases, which have been pending since October 2003. Service was made within six weeks of filing. Later, the same proposed findings and conclusions were submitted in anticipation of a trial set for November 19, 2004. An order of judgments was entered in the cases under a January 5, 2005, date *nunc pro tunc* November 19, 2004. That order retained the

cases on the docket for a determination of the fees and costs request. Thereafter, much of the fees and expenses were incurred in litigating the fees request.

The bank has submitted a detailed breakdown setting out the chronology and identification of legal work devoted to the collection effort in time records. These show, *inter alia*, the discovery the bank conducted after the defendants opposed the bank's right to recover followed by various settlement negotiations and workout proposals. There were various items of collateral involved, which counsel had to check and trace in attempts to perfect security interests. In sum, the bank's charges are not unreasonable. The court agrees with the bank's arguments as stated in its Reply Memorandum. The court finds the bank's position all the more reasonable considering its voluntary reductions in the fees, costs, and expenses it now requests.

Accordingly, the court will grant the bank's fee request as modified and as memorialized in a proposed order provided at the conclusion of the last hearing and as more recently provided by the bank's counsel.