## CIRCUIT COURT OF NELSON COUNTY

Lee H. Albright

v.

William Woodfin et al.

Case No. CL05-0006

BY JUDGE J. MICHAEL GAMBLE

May 26, 2005

I am writing to issue the opinion of the Court in the above case. In this regard, I award judgment in favor of the plaintiff against the Virginia Department of Game and Inland Fisheries in the amount of $988.63, plus court costs. I will defer a ruling on the award of attorney's fees until the separate case for production of unredacted copies of the records has been resolved.

Lee H. Albright in this case requested certain documents from the Virginia Department of Game and Inland Fisheries ("Department") pursuant to the Virginia Freedom of Information Act ("FOI"). The ultimate cost for producing these documents established by the Department was $3,122.13. Albright, on request from the Department, paid an advance deposit of $3,000.00.

Albright now seeks reimbursement for what he believes are overcharges for providing these documents under FOI. Code § 2.2-3704(F) provides that "[A] public body may make reasonable charges not to exceed its actual cost incurred in *accessing, duplicating, supplying, or searching* for the requested records." (Emphasis added.) This code section further provides that the public body shall not impose "any extraneous, intermediary, or surplus fees or expenses to recoup the

general cost. . . ." The Department asserted at trial that some of the expense charged to Mr. Albright included the time for law enforcement officers and supervisors with the Department to redact information concerning undercover operations from the records that were requested. I find that the time spent redacting the records by law enforcement personnel and their supervisors to remove protected information is not time for which the Department may charge for reimbursement under FOI. The statutory charges that a public body may make are the costs incurred in accessing, duplicating, supplying, or searching for the requested records. The statute does not grant any reimbursement for the cost of reviewing or redacting the records. Accordingly, I am reducing the amount Albright should pay to the Department by the labor cost incurred to redact the documents plus some travel expenses related to this labor cost. In particular, I find that the time spent by Anthony S. Pike, Terry C. Bradberry, Harold P. Street, and William Woodfin, Jr., was time spent reviewing and redacting the records, and not properly chargeable as an expense for accessing, duplicating, supplying, or searching for the requested records. Further, the travel and lodging cost incurred by Harold P. Street to travel from Wytheville to Richmond and return is not a proper expense because it was related to the reviewing and redacting process. Accordingly, I find that $861.48 of labor, $100.07 in per diem and lodging, and $49.21 in mileage was overcharged to Albright. This is a total of $1,010.76. The sum of $122.13 must be deducted from this amount to cover the additional cost above the estimate. Accordingly, the actual net amount is $888.63.

Next, information was redacted from 141 pages that were filed as Exhibit K in the court file. I have numbered these pages in order to accurately identify each page. Albright asserts that he was improperly charged for the time involved with redacting information from each of these pages that should not have been redacted. The Department asserts, however, that the information redacted is exempted from disclosure under Va. Code § 2.2-3706(F)(7) or Va. Code § 2.2-3706(G)(1) to (G)(2).

I have reviewed each of these documents and have considered them in light of the testimony at trial. I find that pages 1-31 of Exhibit K were properly redacted because they related to plans or resources dedicated to undercover operations. Each of these documents indicated lodging and/or meals incurred during undercover operations. Accordingly, these documents are protected under Va. Code § 2.2-3706(G)(2). I find that pages 54, 55, 57, and 58 were properly redacted because they were for the purchase of equipment and supplies that were specifically noted as

being used in undercover operations. Pages 74, 122, and 132 are also properly redacted because the only information removed was a credit card or account number.

The remaining pages of Exhibit K improperly redacted information concerning equipment and supplies that were purchased. While much of the equipment and supplies could be utilized in an undercover operation, there was nothing listed that would establish that this equipment was "dedicated" to an undercover operation. Va. Code § 2.2-3706(G)(2) requires that resources be "dedicated to undercover operations." The equipment listed in the remaining pages, together with their prices, were not dedicated to undercover operations. This equipment could be used for many purposes, including general police work and surveillance. Further, there was no indication that the disclosure of this equipment would jeopardize the safety or privacy of the Department under Va. Code § 2.2-3706(G)(1) or that it contains specific tactical plans under Va. Code § 2.2-3706(F)(7). Accordingly, the remaining pages of Exhibit K were improperly redacted. I will award an additional $100.00 for the improper redaction of these documents. Certainly, some time was spent in this effort that was improperly charged to Albright.

I have attached a list of the documents that were properly redacted and the documents that were improperly redacted. The original Exhibit K with numbered pages is in the court file.

I find that the plaintiff has substantially prevailed in this proceeding and is entitled to recover reasonable attorney's fees and costs from the Department. I will reserve the award of these attorney's fees until the completion of the case for the production of unredacted pages. The efforts in the instant case and in the case for the production of unredacted pages are duplicative. Accordingly, there should only be one award of attorney's fees.

I will direct that an order be prepared in this case and in the case for the production of unredacted pages once a ruling in the second case is issued.

June 7, 2005

I have received the brief in opposition to the petition for injunction and in support of the motion to reconsider. Although Mr. Eggleston has yet to file a response, I have decided to address the matters raised in this brief and motion in order to bring the remaining issues to a conclusion to minimize the expenditure of time and resources.

First, I agree with Mr. Byrum's conclusion that the rulings in the letter opinion dated May 26, 2005, concludes the issue of redactions on the 141 pages comprising Exhibit K. Thus, the Department must produce unredacted copies of the improperly redacted pages in Exhibit K that are identified in the attachment to the opinion letter. The Department shall, of course, continue to redact any account information or private identifying information for any employee that could be used for criminal or fraudulent purposes. This would mostly consist of credit card account numbers, social security numbers, and driver's license numbers.

The numbered 141 pages in Exhibit K are filed in the court file of CL05-006. If the Department needs to have a copy of the numbered pages in order to accurately identify the documents to be produced, the Clerk of the Nelson County Circuit Court should be contacted.

I will not take any further action in the injunction case in order to allow the Department to produce the unredacted copies of the documents. I will not place a time limit on producing the unredacted pages; however, I will expect that they be produced in a reasonably prompt period of time.

Once the documents are properly produced, I will consider dismissing the injunction action.

Next, the Department requests that I reconsider the ruling that Albright substantially prevailed in his appeal. The Department is apparently concerned about the award of costs and attorney's fees that may occur as a result of this ruling.

I have considered the arguments set forth in the motion to reconsider. Notwithstanding, the excellent arguments made in the motion to reconsider, I overrule that motion. The Department requests that I give special consideration of circumstances that would make an award of attorney's fees unjust as provided in Va. Code § 2.2-3713(D). The reason I cannot agree with this argument is because Code § 2.2-3704(F) does not grant a public body the authority for charging for the costs of reviewing or redacting records. This simply is not in the statute nor is there any implication from the statute that this can be recovered. Thus, the review time charged by the Department for its employees affected all 2800 documents not just the 141 contained in Exhibit K. Further, the Court found that the vast majority of the documents in Exhibit K were improperly redacted. This is a substantial noncompliance with the statute.

I direct that Mr. Eggleston promptly furnish me with a statement of his time and costs expended in this case. As requested by the Department, I will consider among other criteria the time expended related to the relief

obtained. Mr. Eggleston is directed to mail a copy of his time and costs to Mr. Byrum concurrently with forwarding a copy to the Court.

August 4, 2005

I am writing this letter to rule on the award of attorney's fees in this case. In this regard, I award to Mr. Albright attorney's fees in the sum of $3,000.00.

Va. Code § 2.2-3713(D) provides for the award of attorney's fees in an FOIA case where the petitioner substantially prevails on the merits of the case. The court has previously ruled that Albright substantially prevailed on the issues in the case. Accordingly, the court is now required to determine an award of reasonable attorney's fees.

Even a single denial of rights and privileges conferred under FOIA is sufficient to justify an award of attorney's fees. *R. F. & P. Corp. v. Little,* 247 Va. 309, 322, 440 S.E.2d 908 (1994). When attorney's fees are authorized by law, the court is required to determine the reasonable amount of attorney's fees under the facts and circumstances of the case. *Mullins v. Richlands Nat'l Bank,* 241 Va. 447, 449, 403 S.E.2d 334 (1991). The party requesting attorney's fees has the burden of proving by *prima facie* evidence that the attorney's fees sought are reasonable. *Chawla v. Burgerbusters,* 255 Va. 616, 623-24, 499 S.E.2d 829 (1998). Time records offered by the plaintiff can be sufficient to establish the reasonableness of the attorney's fees sought by the prevailing party. *Tazewell Oil Co. v. United Virginia Bank,* 243 Va. 94, 112, 413 S.E.2d 611 (1992). In its determination of the reasonableness of attorney's fees, the court should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, the complexity of the services, the value of the services to the client, the results obtained, whether the fees were consistent with those generally charged for similar services, and whether the services were necessary and appropriate. *Tazewell Oil Co.,* 243 Va. at 112; *Chawla,* 255 Va. at 623.

Federal courts have used a similar method to determine attorney's fees. This is called the "lodestar" method. Under this method, twelve similar factors are considered by the trial court prior to the award of attorney's fees. *See Barber v. Kimbrell,* 577 F.2d 216, 226 (4th Cir. 1978).

A review of the time sheet offered by Albright's attorney indicates a legitimate and reasonable expenditure of time on this case. Further, an attorney's fee of $150.00 per hour is reasonable in this area considering the experience of counsel for Albright. Notwithstanding the hours

expended and the hourly rate for attorney's fees, the court must look at other factors in this case. In particular, the monetary judgment granted to Albright is disproportionately small in relation to the attorney's fees. Further, most of the documents submitted by the defendants to Albright under FOIA were unredacted. Accordingly, the $7,755.00 in attorney's fees sought is disproportionate to the relief that Albright secured in this case. Therefore, the court finds that a fair and a reasonable attorney's fees award is $3,000.00. Thus, judgment is granted against the Virginia Department of Game and Inland Fisheries in the amount of $3,000.00.

This award is applicable to both the cause of action for recovery of costs and the mandamus action. As noted in a previous ruling, the work in these two cases is duplicative. Therefore, only one attorney's fee is awarded.