# CIRCUIT COURT OF FAIRFAX COUNTY

Kristen Butler

v.

N.E.W. Customer
Services Companies, Inc.,
and Kirsten Calhoon

Case No. CL-2005-3784

BY JUDGE DENNIS J. SMITH

April 24, 2007

Plaintiff Kristen Butler filed this action for defamation against her former employer, N.E.W. Customer Services Companies, Inc., and her former co-worker, Kirsten Calhoon. On April 7, 2006, Judge Gaylord L. Finch overruled Defendants' Demurrer, ruling that the alleged statements were statements of fact and therefore supported a cause of action for defamation. Defendants noted their objection to the overruling of the Demurrer. Trial on the merits to a jury commenced on January 8, 2007, and Defendants did not re-raise this objection at any point during the trial. On January 10, 2007, the jury found the statements defamatory and returned a verdict in favor of Plaintiff, awarding her compensatory damages of $50,000 and punitive damages of $150,000. Defendants then filed a Motion for Directed Verdict or in the Alternative for a New Trial. The Court heard oral argument on this motion on March 30, 2007, and took the matter under advisement.

In their motion, Defendants argued that the statements represented opinions of the speaker and not provable facts and therefore were not actionable. Defendants have renewed the arguments they made on Demurrer, but have also placed heavy reliance upon the Virginia Supreme Court's very recent decision in *Raytheon Technical Services. Co. v. Hyland*, 273 Va. 292, 641 S.E.2d 84 (2007). Plaintiff responded that both statements are statements of fact, but, even if they are opinions rather than factual statements, Defendants did not make this objection at the time the case was submitted to the jury and accordingly waived the objection.

In support of their waiver argument, Plaintiff submitted cases which focus on whether a party must object to the admissibility of evidence at the time the opposing party seeks to admit the evidence in question. The Supreme Court of Virginia has routinely stated that "[a]n objection to the admissibility of evidence must be made when the evidence is presented. The objection comes too late if the objecting party remains silent during its presentation and brings the matter to the court's attention by a motion to strike made after the opposing party has rested." *Kondaurov v. Kerdasha*, 270 Va. 356, 364 (2005).

The policy behind this "contemporaneous objection" rule is to allow trial courts to deal with issues as they arise and at the time when the trial courts are most able to dispose of the issues fairly and expeditiously. The Virginia General Assembly adopted this policy in Va. Code § 8.01-384, which states that a party need not make formal exceptions to a court ruling but that "it shall be sufficient that a party at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor." While the statute requires the objecting party to make his objections contemporaneously with the ruling, it also provides that, once a party has made his objection known to the court, the objection is preserved without further reiteration. Va. Code § 8.01-384.

In *Stuarts Draft Shopping Center, L.P. v. S-D Assocs.*, 251 Va. 483 (1996), the Supreme Court of Virginia reviewed a jury verdict in favor of Defendant S-D Associates, which sold a shopping center to Plaintiff Stuarts Draft. The buyer filed an action against the seller for breach of warranty, and that action was consolidated with the seller's action to collect on the outstanding balance of the parties' contract. Prior to trial, the buyer moved for summary judgment on its claim that it did not waive the seller's breach of warranty. The buyer lost that motion, and the case proceeded to the jury, which found in favor of the seller. On appeal, the seller argued that the buyer's claim that the evidence was insufficient to show that he waived the seller's breach of warranty was not preserved for appeal since the buyer did not object

to the jury instructions on that issue. Writing for the Court, Senior Justice Whiting stated that the Court "reject[ed] the seller's suggestion that the buyer's failure to object to jury instructions on the breach-of-warranty issue made it a jury question." *Id.* at 491, n. 1. He noted that the buyer submitted the legal issue to the Court in its pre-trial Summary Judgment motion and, under Va. Code § 8.01-384, "the objection need not have been repeated when the issue was submitted to the jury."

In the unpublished opinion *Croxton v. Commonwealth,* the Virginia Court of Appeals applied the same interpretation and cited *Stuarts Draft* for the proposition that, "when an appellant made an objection in a pre-trial motion and the motion was overruled, the objection need not have been repeated when the issue arose during trial in order to preserve it for appeal." *Croxton v. Commonwealth,* No. 0382-04-2, 2005 Va. App. LEXIS 166, at *8 (Apr. 26, 2005).

The facts of this case are not materially distinguishable. Defendants objected to the pre-trial legal ruling that the statements were actionable factual statements but did not object again when the statements were submitted to the jury as actionable statements. Under Va. Code § 8.01-384 and the opinion in *Stuarts Draft,* this does not constitute a waiver of the issue. As Defendants herein took no other actions which would amount to a waiver, I find that Defendants have not waived the objection.

Having determined that Defendants properly preserved their objection, the next issue is whether the objection has merit and requires the Court either to set aside the jury's verdict for Plaintiff or to order a new trial.

The first statement submitted to the jury in this case was that Plaintiff "had some conflicts with her co-workers because she was not always to work on time and her work style was different from her co-workers." The first clause is actionable. Whether or not Plaintiff had conflicts with co-workers does not depend upon the speaker's viewpoint and is a statement of fact. *Williams v. Garraghty,* 249 Va. 224, 233 (1995). The portion of the statement as to Plaintiff's work style is a statement of opinion and therefore not actionable. Accordingly, this statement as a whole can only be submitted to the jury as actionable if it is accompanied by an appropriate limiting instruction that precludes the use of the second portion of the statement as a basis for a defamation judgment.

The second statement submitted to the jury in this case as potentially defamatory was that Ms. Calhoon said that Ms. Butler "seemed to have difficulty with the work hours, and left the company for another job that was more flexible." In *Raytheon,* the Supreme Court of Virginia reviewed a statement analogous to the first clause of the second statement in this case. In

doing so, the Court, by Justice Lacy, held that the following statement constituted a non-actionable opinion: "She has received specific feedback from her customers, the Beacon group study, her employees, and her leader on her need to listen and learn from others, yet she has *appeared to be unwilling* to accept and work with this feedback." (Emphasis added.) *Raytheon*, 641 S.E.2d at 92. The Court found that "such 'unwillingness' is not stated as a fact, but is instead conveyed from the perspective of the writer, stating that Hyland 'appeared to be' unresponsive." *Id.* "As such," Justice Lacy opined, "the statement is opinion not susceptible to proof as a matter of fact." *Id.* In this case, Kirsten Calhoon's use of the word "seemed" is remarkably similar to the use of "appeared" in *Raytheon*. Both reflect conclusions of the speaker. They are therefore opinions and should not be submitted to the jury as a possibly defamatory statement.

The jury verdict form does not indicate which statement resulted in a verdict for Plaintiff, nor does it reflect whether the jury relied on a specific clause of either statement in its determination of liability. No limiting instruction was given to the jury as to which portions of the statements submitted to them could be found to be defamatory. As the Court cannot determine whether the jury verdict was based on actionable statements of fact or non-actionable opinions, the Court must therefore set aside the jury verdict in favor of Plaintiff and grant Defendants' motion for a new trial.

Defendants' motion for a directed verdict is denied, and the Court, having determined that the judgment for Plaintiff should be set aside, does not reach the other issues raised by Defendants.

May 21, 2007

Plaintiff has filed a Motion for Reconsideration of this Court's decision which set aside the verdict for Plaintiff and granted Defendants a new trial. In setting aside the verdict, the Court determined that neither statement presented to the jury is actionable in its entirety, and as no limiting instruction was given, and no special verdict form submitted to the jury to ensure that any verdict for Plaintiff was predicated only on actionable statements, the only proper remedy is a new trial.

The first statement submitted to the jury in this case was that Plaintiff "had some conflicts with her co-workers because she was not always to work on time and her work style was different from her co-workers." The first clause is actionable. Whether or not Plaintiff had conflicts with co-workers does not depend upon the speaker's viewpoint and is a statement of fact. *Williams v. Garraghty*, 249 Va. 224, 233, 455 S.E.2d 209 (1995). The

statement that Ms. Calhoon was not always to work on time is also actionable as its truth or falsity is provable. But "[s]peech that does not contain a provably false factual connotation is sometimes referred to as 'pure expressions of opinion,' and cannot normally form the basis of an action for defamation." *WJLA-TV v. Levin*, 264 Va. 140, 156, 564 S.E.2d 383, 392 (2002). Ms. Calhoon's statement as to why conflicts existed between Ms. Butler and her co-workers postulated possible reasons for the conflicts as seen from Ms. Calhoon's viewpoint. When Ms. Calhoon offered reasons for the conflicts, she expressed her opinion and that does not contain a provably false factual connotation.

The second statement submitted to the jury in this case as potentially defamatory was that Ms. Calhoon said that Ms. Butler "seemed to have difficulty with the work hours, and left the company for another job that was more flexible." In *Raytheon Technical Services. Co. v. Hyland*, 273 Va. 292, 641 S.E.2d 84 (2007), the Supreme Court of Virginia reviewed a statement analogous to the first clause of the second statement in this case. In doing so the Court, per Justice Lacy, held that the following statement constituted a non-actionable opinion: "She has received specific feedback from her customers, the Beacon group study, her employees, and her leader on her need to listen and learn from others, yet she has *appeared to be unwilling* to accept and work with this feedback." *Raytheon*, 641 S.E.2d at 92 (emphasis added). The Court found that "such 'unwillingness' is not stated as a fact, but is instead conveyed from the perspective of the writer, stating that Hyland 'appeared to be' unresponsive." *Id.* "As such," Justice Lacy opined, "the statement is opinion not susceptible to proof as a matter of fact." *Id.*

In this case, Kirsten Calhoon's use of the word "seemed" is remarkably similar to the use of "appeared" in *Raytheon*. Both reflect conclusions of the speaker, and they are therefore opinions which should not be submitted to the jury as possibly defamatory statements.

Plaintiff also argued in the underlying Motion and in her Motion to Reconsider that Defendants have waived their right to assert that the statements are not actionable as they did not raise the issue at trial, nor did they object to the instructions to the jury framing the issues to be considered in arriving at their verdict. It must first be noted that, in asserting this position, Plaintiff repeatedly characterizes the issue raised by Defendants as evidentiary. If the Motion to Set Aside was indeed based on the admissibility or sufficiency of the evidence, Plaintiff's position would be correct. Defendants, however, raised a legal issue in their Motion to Set Aside when they contended that, as a matter of law, Plaintiff could not recover for defamation based upon the statements submitted to the jury.

While it is accurate that Defendants did not raise this issue during the trial, before trial Defendants did file and argue a Demurrer in which they asserted that the statements alleged by Plaintiff to be defamatory were not actionable. The Court overruled that Demurrer. In ruling on a Demurrer, the question before the court is "whether the facts thus pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against the defendant." *Thompson v. Skate America, Inc.*, 261 Va. 121, 128, 540 S.E.2d 123, 126-27 (2001). In other words, even assuming all the facts pleaded in a light most favorable to the plaintiff and all inferences which would reasonably flow from those facts, can the plaintiff recover? No evidence was presented at trial which altered the context in which the statements were made from the context pleaded in the Complaint. The Defendants therefore raised in their Motion to Set Aside the very same legal question raised in their pretrial Demurrer: even assuming all the facts which could be found by a reasonable juror based upon the evidence presented, could Plaintiff recover for the statements at issue?

Plaintiff's argument to reconsider also focuses on the contemporaneous objection rule embodied in Virginia Code § 8.01-384 and Virginia Supreme Court Rules 5:25 and 5A:18. The statute and the Rules require the objecting party to state their objection with reasonable certainty at the time of the ruling, with non-compliance resulting in a waiver of the objection. In 1992, however, the General Assembly modified Virginia Code § 8.01-384, by adding the last three sentences of sub-section A, which read as follows:

> No party, after having made an objection or motion known to the court, shall be required to make such objection or motion again in order to preserve his right to appeal, challenge, or move for reconsideration of a ruling, order, or action of the court. No party shall be deemed to have agreed to, or acquiesced in, any written order of a trial court so as to forfeit his right to contest such order on appeal except by express written agreement in his endorsement of the order. Arguments made at trial via written pleading, memorandum, recital of objections in a final order, oral argument reduced to transcript, or agreed written statements of facts shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal.

This amendment reduced the burden on the objecting party and requires only that the objecting party make known to the court the objection and grounds, and it specifically eliminated any requirement that the objecting party re-raise the objection to preserve it for further action. The statute's noticeable departure from

the requirements of the Rules must be construed as a deliberate action to aid both the parties and the courts during litigation so that preserving objections for appeal does not pose a trap for litigants or be so intrusive that it interrupts the flow of the trial thereby distracting jurors from the issues at hand.

The case of *Chawla v. BurgerBusters, Inc.*, 255 Va. 616, 499 S.E.2d 829 (1998), reviewed waiver of the right to assert a legal error. The Chawlas filed a pretrial motion to determine which party would bear the burden of proof on the amount of fees and costs to be awarded Defendant BurgerBusters under the parties' lease. The matter was briefed and argued, and the trial court ruled that the Chawlas would bear the burden of establishing that BurgerBusters' fees were unreasonable. The Chawlas noted their exceptions on that order, but in later proceedings the trial court entered a pretrial order repeating the ruling and the Chawlas signed that Order "Seen and Agreed." Very significant to this Court's analysis of this matter, the Chawlas did not object at trial to the jury instruction placing the burden on them. The Chawlas did note their objection on the final order. When asked to dismiss this issue on appeal on the grounds that the Chawlas had waived their objection by signing the pretrial order as agreed and not objecting to the jury instruction, the Supreme Court of Virginia, per Justice Stephenson, held that the Chawlas had preserved their rights under § 8.01-384. Justice Stephenson opined that the Chawlas had made their objection known and had not thereafter made a knowing and intentional relinquishment of their right.

The reasoning in *Chawla* is applicable in this case. At the hearing on the Demurrer, Defendants made their position known to the Court and the Court ruled against them. Their right to assert such an error, whether it be in the form of a Motion to Reconsider or a Motion to Set Aside, is preserved for Defendants by Virginia Code § 8.01-384. The Court also holds that, rather than overrule the Demurrer, the Court should have sustained the Demurrer with leave to amend the Complaint to state a cause of action based only on the actionable portions of the statements. This is compounded by the requirement in defamation actions that the statement be specifically pleaded, but the Complaint could have been amended to conform to such a ruling. *See Fuste v. Riverside Healthcare Ass'n, Inc.*, 265 Va. 127, 134, 575 S.E.2d 858 (2003). This Court is mindful that, if Defendants had re-raised this issue at trial, the Court might have been able to fashion a limiting instruction which could have directed the jury as to which portions of each statement could be considered defamatory. This fact does not, however, override a statute that expressly preserves Defendants' objections.

In accordance with the foregoing, the Motion to Reconsider the ruling setting aside the verdict is denied.