# CIRCUIT COURT OF FAIRFAX COUNTY

Merrifield Industrial Corp.

v.

Michael Glaze et al.

November 13, 2008

Case No. CL-2007-13572

By Judge Gaylord L. Finch, Jr.

Merrifield Industrial Corporation ("Merrifield") is a commercial landlord. Merrifield leased office and warehouse space to the Defendant, Michael Glaze. Glaze had space on the second floor with access to a hallway, bathroom, and loading dock. Glaze and PT Armor occupied the premises for approximately two years of a three year lease term. Plaintiff claims Defendants departed the premises in November 2003, without notice, before the lease term had expired. In Count I, Merrifield seeks to recover rent, late fees, and CAM charges for the period between Glaze's departure and the re-letting of the premises to a new tenant. Plaintiff also desires to recover damages and attorney's fees pursuant to the lease. In Count II, Merrifield seeks to recover from PT Armor for property damage. Defendant argues there should be no claim against PT Armor because they were not a party to the lease and the damages that existed were normal wear and tear. Defendant also argues that Plaintiff has not responded to the correct defenses asserted by the Defendants and further argues Glaze gave notice of his anticipatory breach and that there is a claim of laches with respect to a claim of interest due to inaction over many years. Defendant argues Plaintiff was the first party in default and argues Plaintiff would not abide by the lease unless Glaze rented more space,

which Glaze was unwilling to do. Defendant also argues Plaintiff failed to provide a secured bathroom and secured locks for the premises. Defendant also claims Plaintiff billed him for space he never rented nor requested.

The questions presented in this case are as follows. (1) Is Merrifield entitled to recover for rent, late charges, and CAM charges? (2) Is Merrifield entitled to recover for damages to the premises or was the damage normal wear and tear? (3) Is Merrifield entitled to 18 percent interest pursuant to the lease or to a lower interest rate? (4) Is Merrifield or Glaze entitled to recover reasonable attorney's fees? Finally, to be considered throughout the opinion, has the Defendant effectively argued defenses to any or all of the above claims?

Before getting to these issues, the Court will address the Defendant, PT Armor, Inc. Defendant PT Armor, Inc., disputes whether or not it should be held liable for any damages since PT Armor, Inc., was not a party to the contract between Merrifield and Glaze. Plaintiff does not dispute the Defendant's contention in its closing argument that PT Armor was not a party to the contract, is not liable for any damages, and thus should be dismissed as a Defendant.

The Court agrees with Defendant's analysis that, since PT Armor, Inc., was not a party to the contract, it cannot be liable for any damages. As a result, PT Armor, Inc., is dismissed as a Defendant in this action.

(1) *Is Merrifield entitled to recover for rent, late charges, and CAM charges?*

The first issue the Court will address is whether or not Merrifield is entitled to rent, late charges, and CAM charges. Further, the Court will consider in which months the charges are applicable.

Merrifield argues that the Defendant, Michael Glaze, owes unpaid rent, late charges, and CAM charges. Glaze argues that Merrifield took too long to bring the action, so even if the Court were to award damages for unpaid rent, late charges, and CAM charges, they should be significantly less than the damages Merrifield asks for.

Additionally, Glaze argues that Merrifield breached the contract first and violated the lease by not providing a private bathroom, not fixing plumbing problems, not providing appropriate locks, not providing parking spaces as called for in the lease, and by allegedly not living up to its obligations in the lease because Glaze refused to rent additional space from Merrifield.

The Court finds that the Merrifield is entitled to unpaid rent, late charges, and CAM charges from September 2003 through the end of June 2004. The Court is not persuaded that Merrifield's alleged violations of the

lease agreement justified Glaze's not paying rent and moving without notice. Additionally, the Court finds that the Plaintiff reasonably mitigated damages and found a new tenant by July 2004.

The Lease Agreement ("Agreement") between Merrifield and Glaze required Glaze to pay the rent on the first of the month. The evidence submitted to the Court shows that Glaze failed to pay September 2003's rent until September 24. Glaze failed to pay the rent in October 2003 and November 2003. Glaze moved out in early November 2003.

The Agreement requires Glaze to pay late charges after the fifth of each month and common area maintenance charges (CAM charges). Mary Greene, a certified public accountant, testified to these damages. Her calculations of the damages were not in dispute; the dispute was to whether or not the damages were owed.

The Court finds that Glaze had use of the premises in September, October, and November of 2003 and left without giving appropriate notice. Glaze has not established sufficient facts or provided the Court with sufficient evidence to conclude Glaze was constructively evicted from the property or that he had some other justifiable reason for leaving the property and not owing the rent due to Merrifield.

Pursuant to the calculations provided by Merrifield and approved by Ms. Greene, the Court awards $50,521.40 in rent that is due to Merrifield for the time period of October 2003 through June 2004.

Pursuant to the calculations provided by Merrifield and approved by Ms. Greene, the Court awards $5,604.12 in late charges and CAM charges covering the time period from September 2003 through June 2004. Monthly late charges for September and October 2003 were $551.94 and monthly late charges from November 2003 through June 2004 were $562.53.

The Court has not failed to consider the arguments and defenses provided by Glaze. The Court has considered Glaze's arguments about Merrifield's alleged breaches of the lease and the precedent Glaze cites. However, the Court is not persuaded by these arguments since many of the violations occurred well before Glaze left the premises.

The Court has also considered Glaze's arguments of a new tenant's using the space before July 2004. However, there is not enough evidence before the Court to show the premises were re-let before July 2004. Indeed, Plaintiff explains that Ruth Godwin, the tenant next door, had access to the space to store only a few items and had a key to the premises only to allow prospective tenants to view the property.

Glaze does make persuasive arguments about the excessive nature of the amounts claimed by Merrifield, especially with respect to interest and attorney's fees. These issues will be addressed later in the Court's opinion.

Finally, the Court finds that there was no anticipatory breach by Merrifield in this case. While there were clearly disputes between Merrifield and Glaze regarding issues such as the marking of parking spaces, the adequacy of locks, and flooding issues, ultimately, the Court does not find these issues to be enough to constitute an anticipatory breach of the lease by Merrifield.

The legal standard in Virginia for an anticipatory breach is clear. In order to constitute an anticipatory breach, it must appear that the party has abandoned the contract or, by words and actions, evinced an intent wholly inconsistent with performance of his obligations under the contract. *Board of Supervisors v. Ecology One*, 219 Va. 29, 33, 245 S.E.2d 425 (1978).

Glaze fails to meet the above standard. There is no evidence that one party abandoned the contract. Merrifield still allowed Glaze to occupy the premises and Glaze still occupied the premises, paying rent until he vacated the premises in September 2003.

With respect to the dispute about square footage, again, the Court does not find this to lead to an anticipatory breach. Merrifield believed and actually did lease at least 5,000 feet of square feet to Glaze. There is a dispute as to how to measure the square footage of the property. However, this all becomes moot, in the Court's opinion, since Glaze continued to occupy the premises without complaint and continued to pay rent.

Glaze correctly argues that a party who commits the first breach of contract is not entitled to enforce the contract. *Countryside Orthopaedics, P.C. v. Peyton*, 261 Va. 142, 541 S.E.2d 279 (2001). However, the Court notes there is an exception to the rule when the breach only goes to a minor part of the contract. *Id.* The Court finds the breaches in this case to be minor, and, as a result, finds that Merrifield did not first breach the contract, allowing them to recover appropriate damages.

As a result, the Court finds that there was no anticipatory breach of the contract by Merrifield.

*(2) Is Merrifield entitled to recover for damages to the premises or was the damage normal wear and tear?*

The Court is next asked to evaluate and determine whether or not any of the property damages associated with the lease of the premises by Glaze goes beyond normal wear and tear, making Glaze and PT Armor, Inc., liable.

First, as stated earlier in the opinion, the Court finds that there was no contract between Merrifield and PT Armor, Inc. As a result, PT Armor, Inc., is not liable for damages, if any, relating to the lease of the premises by Glaze from Merrifield.

The trial in this case did show conflicting testimony about damages. However, only Merrifield had an expert, Mary Greene, testify to the particulars of the damage claim. The Court is inclined to award damages to the Plaintiff. However, the extent of the damages to be awarded must still be determined.

The Court finds it clear the Merrifield met its *prima facie* case for damages. As a result, the burden then shifts to the Defendant to provide evidence that the damage award claimed by the Plaintiff should be reduced. *Stohlman v. S & B Ltd. Partnership*, 249 Va. 251, 256, 454 S.E.2d 923 (1995).

Merrifield argues that Glaze failed to provide evidence that the property damage was normal wear and tear. Merrifield also argues that Glaze failed to provide evidence that the extent of the damage caused was reasonable.

It is true that Glaze did not provide expert testimony as to whether or not the damages were beyond normal wear and tear or that they were reasonable. However, Merrifield did not cite any authority, nor can the Court find any authority, that requires Glaze to provide expert testimony to refute the damage claims.

It is undisputed that Glaze did dispute many, if not all, of the damages claimed by Merrifield. Merrifield has withdrawn their request to be awarded damages for the carpet replacement but still requests $3,865.46 in damages.

Glaze provided many photos of the premises to dispute the claims of Merrifield. Some of the charges were not claimed by Merrifield until six to twelve months after Glaze had vacated the premises. Plaintiff can provide no evidence that the lights were not working or that fire extinguishers were missing when Glaze vacated the premises. In fact, the photos provided by Glaze at trial show that the lights were working when he vacated the premises. Additionally, the charges for the fire extinguishers were not claimed until over six months after Glaze vacated the premises.

The Court will award damages to Merrifield for the cost of repairing the holes in the wall, painting, repairing electrical wiring, and the cost of labor associated with those damages. The Court declines to award damages for replacing the carpet, cleaning the floors, and for replacing the fluorescent bulbs.

The Court finds that Merrifield has withdrawn its claim with respect to replacing the carpet. Further, the Court finds that the cost of cleaning the floor was normal wear and tear and no damages are to be awarded on the basis that

the previous tenant accepted the floors as they were and any damages that remained were the result of normal wear and tear. Finally, the Court declines to award damages for the fluorescent bulbs because the Court finds sufficient evidence that the lights were operating normally when Glaze vacated the premises and Merrifield has not provided sufficient evidence to dispute that claim.

As a result the Court awards damages only for the costs of repairing holes in the wall, painting, replacing the electrical wiring and the cost of labor associated with those repairs.

(3) *Is Merrifield entitled to 18 percent interest pursuant to the lease or to a lower interest rate?*

The next issue the Court addresses is whether or not to award Merrifield interest at a rate of 18 percent or at a lower rate for unpaid or late rent.

The Court finds that Merrifield is entitled to interest, at a rate of 18 percent from October 2003 through June 2004. The Court explains its reasoning below.

First, the Court agrees with Merrifield that Glaze incorrectly asserts a 10 percent interest rate should apply. A ten percent interest rate applies, pursuant to the lease, if Merrifield initiates an unlawful detainer proceeding against Glaze. Merrifield initiated no such proceeding in this case.

Merrifield argues further that the Court should not reduce the amount of interest due to Merrifield based on the passage of time. Merrifield cites *Wilson v. Holyfield*, 227 Va. 184, 187, 313 S.E.2d 396 (1984), for the proposition that the Court cannot make a contract for the parties.

The Court does not believe it is contracting for the parties or rewriting the contract for the parties. Rather the Court finds Glaze's argument very persuasive that Merrifield knew there was a dispute between the parties about the unpaid rent but waited four years before bringing its claim. Additionally, Merrifield was able to find a new tenant for the space in July of 2004.

The Court agrees with Merrifield's arguments that the Statute of Limitations binds the Court with respect to the equitable doctrine of laches. Laches involves the failure of a party to assert a known claim or right for an unexplained period of time resulting in prejudice to the adverse party. *1924 Leonard Road, L.L.C. v. Van Roekel*, 272 Va. 543, 559, 636 S.E.2d 378 (2006). The burden of proving the defense is on the party asserting the defense of laches. *Id.* at 559. The Court also considers and agrees with the precedents cited in *Belcher* and *Marriott v. Harris*, which state the statute of limitations for contract binds the trial court on its ruling with respect to laches.

However, the Court does not read these precedents as broadly as Merrifield does. These precedents allow Merrifield to bring its claim for breach of contract within the five year statute of limitations period, and the equitable defense of laches cannot shorten the time period by which Merrifield can bring its bring of contract claim. However, the unexplained delay in this case did prejudice Glaze with respect to the amount of interest that would be owed. There was clearly a dispute over the unpaid rent and other charges with respect to the breach of contract claim much earlier than when the suit was filed by Merrifield. Glaze made it known there was a dispute and attempted to resolve the issues.

As a result, the Court finds the defendant is entitled to assert the equitable doctrine of laches, not to the breach of contract claim, but to the claim for interest, because of the resulting prejudice on Glaze that was a result of Merrifield's not filing suit earlier.

Thus the Court awards interest, at the rate of 18 percent from October 2003 until June 2004. As a result, the Court finds that Defendant Glaze owes Plaintiff Merrifield $2,987.81 in interest for late and unpaid rent from October 2003 until June 2004.

(4) *Is Merrifield or Glaze entitled to recover reasonable attorney's fees?*

Merrifield argues that it is entitled to attorney's fees in this case. There is a provision in the lease agreement between Merrifield and Glaze that awards attorney's fees to Merrifield when Merrifield reasonably enforces its rights under the lease agreement.

Merrifield also cites *Chawla v. Burgerbusters, Inc.*, 255 Va. 616, 621, 499 S.E.2d 829 (1998), which held that a prevailing landlord was entitled to recovery attorney's fees pursuant to a lease provision. Merrifield argues it has incurred significant expenses in enforcing the lease provision in this case.

Glaze argues that Merrifield nonsuited Donna Wilkins on the day of trial and withdrew a substantial portion of its claim for damages associated with unpaid rent for additional space. Additionally, thirty days prior to trial, Merrifield reduced from $22,000 to just over $3,000 the amount sought for property damage.

Glaze argues, first, attorney's fees should be reduced substantially since much of the work done by Merrifield was for claims not pursued at trial. Secondly, Glaze argues the attorney's fee award should be reduced since Merrifield substantially lowered the amount sought for property damages. Finally, Glaze argues that, if Merrifield had been willing to drop some claims earlier and negotiate, many expenses could have been avoided.

The Court agrees with Glaze's final contention that a significant amount of attorney's fees, if not all, could have been avoided by dropping claims earlier and negotiating with Glaze.

As a result, the Court is denying any award of attorney's fees to Merrifield. The Court, as stated above, believes many costs could have been avoided. Additionally, Glaze has adequately defended many of the allegations in this breach of contract case. Both sides had meritorious arguments that were settled by this Court. The Court concludes that neither side should be awarded attorney's fees and that each side is responsible for paying their own attorney's fees.

## Order

For the reasons articulated in the Court's accompanying Letter Opinion, it is hereby ordered that Plaintiff's Motion for unpaid rent, late charges, and CAM charges is granted, Plaintiff's Motion for an award of property damages is granted in part and denied in part, Plaintiff's Motion for an award of interest is granted in part and denied in part, and Plaintiff's Motion for attorney's fees is denied.