Antonio S. Jimenez
and Deidre Jimenez

v.

Chae Hak Sim
and Pyong Sim

March 20, 2009

Case No. CL 2007-1333

BY JUDGE GAYLORD L. FINCH, JR.

· *Background*

The Defendants, Chae Hak Sim and Pyong Sim, filed a motion for award of attorney's fees after prevailing on a motion for summary judgment. The motion for summary judgment requested attorney's fees, but the parties agreed to bifurcate the issue of fees. Judge Schell entered a suspending order preserving the Court's jurisdiction to hear the issue.

The Plaintiffs, Antonio S. Jimenez and Deidre Jimenez, filed an initial complaint, which was nonsuited, and, after the nonsuit, they filed another complaint against the Defendants. This complaint was stricken on Demurrer and then amended, alleging a breach of contract relating to the sale of real property with damages in excess of $750,000. The amended complaint was whittled down to one count: "Contract Rescission: Failure of Consideration."

Proceeding on that count, the parties began discovery. Complainants identified twenty expert witnesses and failed to provide discovery in a timely manner, which resulted in an order to compel. Additionally, the Complainants elected not to seek a settlement conference or neutral case evaluator. In sum, the Complainants elected an expensive and confrontational litigation strategy.

The contract allows for reasonable attorney's fees, and the clause reads in part:

> 23. ATTORNEY'S FEES. In any action or proceeding involving a dispute between the Purchaser and the Seller arising out of this Contract, the prevailing party will be entitled to receive from the other party reasonable attorney's fees to be determined by the court or arbitrator(s).

*Opinion*

*Attorney's Fees*

The contract clearly allows the prevailing party to recover "reasonable attorney's fees," and, in this case, the Defendants prevailed upon their motion for summary judgment. Thus, they are entitled to fees.

The issue is whether the fees were reasonable. According to the Virginia Supreme Court, a party seeking fees pursuant to a contractual fee provision "has the burden to present a prima facie case that the requested fees are reasonable and that they were necessary." *West Square, L.L.C. v. Communication Techs., Inc.*, 274 Va. 425, 433, 649 S.E.2d 698 (2007) (*citing Chawla v. BurgerBusters, Inc.*, 255 Va. 616, 623, 499 S.E.2d 829 (1998)). There are many factors relevant to this determination, such as the attorney's time and effort, the nature of the services, the complexity of the case, the value of the service to the client, the results, and whether the fees are in line with those charged for like services. *Id.* at 434 (citing *Chawla*, 255 Va. at 623).

In support of the motion for attorney's fees, the Defendants' attorney states that his clients expended fees in the amount of $50,788.25 to pay for a total of 136.45 hours of work. Additionally, the Defendants had the fees reviewed by an expert, Mikhael D. Charnoff, Esq., with the firm Sands Anderson Marks & Miller. Mr. Charnoff's review of the case, considering the complexity of the issues, the pleadings, motions, and substantial portions of the discovery, led him to the opinion that the total legal fees were necessary and reasonable.

After considering Mr. Charnoff's uncontradicted, credible expert opinion, the complexity of the case, the amount in controversy, the Plaintiffs' litigation choices, the arguments of both parties, and the contract's plain language, the attorney's fees requested are reasonable, and the Defendants are awarded $50,788.25, the amount set forth in the Affidavit of Fees filed by Defendants' counsel.