COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Alston, Decker and Senior Judge Coleman

BRUCE EDWARD CAHILL

v.      Record No. 2259-13-1

MAUREEN A. CAHILL

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 2, 2014

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Leslie L. Lilley, Judge

(Bruce Edward Cahill, *pro se*, on briefs). Appellant submitting on briefs.

(Henry M. Schwan, on brief), for appellee. Appellee submitting on brief.

Bruce Edward Cahill appeals an order that awarded $22,540.88 to Maureen A. Cahill for her attorney's fees and costs incurred in appellant's appeals to the Court of Appeals and the Supreme Court of Virginia. Appellant argues that the "trial court abused its discretion in consideration of appropriate factors, making findings and in fixing the amount of appellate attorney's fees and costs it awarded to the prevailing party." Upon reviewing the record and briefs of the parties, we conclude that the trial court did not err. Accordingly, we affirm the decision of the trial court.

BACKGROUND

In 2012, appellant appealed the parties' final decree of divorce. On December 18, 2012, this Court affirmed the trial court's rulings and awarded appellee her attorney's fees and costs incurred on appeal, as well as her fees and costs incurred on remand. See Cahill v. Cahill, Record No. 0305-12-1 (Va. Ct. App. Dec. 18, 2012).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant appealed to the Supreme Court of Virginia, which dismissed the case for lack of jurisdiction pursuant to Code § 17.1-410(A)(3) and (B), and awarded appellee her attorney's fees and costs incurred on appeal. See Cahill v. Cahill, Record No. 130308 (Va. Apr. 18, 2013).

On September 13, 2013 and October 25, 2013, the trial court heard evidence and argument regarding the attorney's fees and costs that appellee incurred on appeal. Appellee presented evidence of the amounts she incurred for attorney's fees and costs. In addition, an expert witness testified on her behalf and opined that counsel's fee was reasonable.

On October 25, 2013, the trial court entered an order awarding appellee $22,540.88 for her attorney's fees and costs incurred on appeal to this Court and the Supreme Court of Virginia, as well as the remand hearing. This appeal followed.

ANALYSIS

Appellant argues that the trial court erred in awarding appellee $22,540.88 for her attorney's fees and costs.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)).

"The party claiming the legal fees has the burden of proving *prima facie* that the fees are reasonable and were necessary." Chawla v. BurgerBusters, Inc., 255 Va. 616, 623, 499 S.E.2d 829, 833 (1998). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

> In determining whether a party has established a *prima facie* case of reasonableness, a fact finder may consider, *inter alia*, the time and effort expended by the attorney, the nature of the services rendered, the complexity of the services, the value of the services

to the client, the results obtained, whether the fees incurred were consistent with those generally charged for similar services, and whether the services were necessary and appropriate.

Chawla, 255 Va. at 623, 499 S.E.2d at 833 (citation omitted).

Appellee presented evidence from an expert witness who opined that the work performed by appellee's counsel during the appeal process was reasonable and necessary and counsel's fee was reasonable. Appellee presented evidence regarding the amount she incurred in attorney's fees and costs for the prior appeals and on remand. Appellee claimed $24,192.58 in attorney's fees and costs, plus her counsel's fees for the October 25, 2013 hearing.

Appellant questioned several charges, including the costs of submitting a supplemental appendix and some of the postal charges. He also questioned the reasonableness of appellee's counsel's fees for two motions filed in the Court of Appeals, which were denied, and a charge for a motion for an extension of time to file a brief. Finally, appellant argued that charges were double-billed when appellee's counsel hired a legal research group to assist counsel with an issue.

The trial court found that counsel's fee was reasonable. It also considered appellant's arguments and deducted the $150 charge for the motion for an extension of time to file a brief. It reduced the expert witness' fee by $500 and the fee for the legal research group by $1,001.70. The final award totaled $22,540.88.

Contrary to appellant's argument, appellee presented sufficient evidence for the trial court to determine the reasonableness of the fee. The trial court was not required to specify which of the factors from Chawla it considered in determining the reasonableness of the fee.

Moreover, "[o]rdinarily, expert testimony will be required to assist the fact finder" in determining the reasonableness of an attorney's fee. Mullins v. Richlands Nat'l Bank, 241 Va. 447, 449, 403 S.E.2d 334, 335 (1991). As the trial court noted, it was "really not unusual" for an

attorney to opine about the reasonableness of another attorney's fee. The trial court stated, "As a matter of fact, it's standard practice if a fee is questioned to have an expert testify it's reasonable under the circumstances." The trial court did not err in considering the expert witness' testimony.

Based on the record, the trial court did not abuse its discretion in awarding $22,540.88 to appellee for her attorney's fees and costs incurred on appeal and on remand.

In addition, appellant asks this Court to sanction appellee's counsel and award him appellate attorney's fees. Appellant has incurred no attorney's fees because he is proceeding *pro se*. His request for attorney's fees is denied. Likewise, his request for sanctions against appellee's counsel is denied.

Appellee asks this Court to award her attorney's fees and costs incurred on this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that appellee is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by appellee in this appeal.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed. We remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees and costs incurred at the remand hearing.

Affirmed and remanded.

- 4 -