William H. CRUMBAKER, Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

No. 85–1982.

United States Court of Appeals,
Federal Circuit.

Aug. 31, 1987.

Sheri Frumer, Gardere and Wynne, Dallas, Tex., argued, for petitioner. With her on the brief was Ronald M. Gaswirth.

Stephanie Conley, Merit Systems Protection Bd., Washington, D.C., argued, for respondent. With her on the brief were Evangeline W. Swift, General Counsel, Mary L. Jennings, Associate General Counsel for Litigation and David Kane, Reviewer for Litigation.

ORDER

The petition for rehearing filed by the Department of Labor, as Intervenor, on February 3, 1986, was stayed by order of this court on September 8, 1986 until the United States Supreme Court rendered decisions in *Library of Congress v. Shaw,* 474 U.S. 815, 106 S.Ct. 58, 88 L.Ed.2d 47 (1986) (adjustment of fee award for delay) and *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* —— U.S. ——, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986) (adjustment of fee award for contingency). The Supreme Court now having rendered these decisions, *see Library of Congress v. Shaw,* —— U.S. ——, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986) and *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* —— U.S. ——, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987), IT IS ORDERED AS FOLLOWS:

1. The petition for rehearing is granted to the extent of making the following change in the opinion issued by this court on January 8, 1986, 781 F.2d 191 (Fed.Cir. 1986):

Delete the text of Section III *Adjusting the Lodestar* in its entirety and insert in lieu thereof the following:

Crumbaker alleges error in the Board's denial of an upward adjustment in the lodestar figure. He maintains that an adjustment is warranted due to the delay in the receipt of the fee, the risk associated with the contingent nature of the fee and the quality of service rendered. In view of the holdings in *Shaw*—the award of increased compensation to respondent's counsel for the delay in receiving payment for his services is precluded absent an express waiver of sovereign immunity—and in *Delaware Valley*—the lodestar figure may not be increased due to the risk associated with the contingent nature of the fee nor for the quality of service rendered—the grounds of error alleged by Crumbaker are without merit. However, an increased award may be made due to the "difference in market treatment of contingent fee cases *as a class,* rather than on an assessment of the 'riskiness' of any particular case." *Delaware Valley,* 107 S.Ct. at 3089 (O'Connor, J. concurring) (emphasis in original). Accordingly, the Board on remand shall consider the degree to which the relevant market compensates for contingency and whether any enhancement is necessary to bring the fee within a range that would attract competent counsel. The petitioner bears the burden of proving his entitlement to additional compensation. *See id.* at 3090–91 (O'Connor, J. concurring).

2. The opinion issued by this court on January 8, 1986, is modified as indicated above.