## CIRCUIT COURT OF THE CITY OF ROANOKE

William D. Saunders

v.

City of Roanoke

October 4, 1988

Case No. CH86000559R

By JUDGE CLIFFORD R. WECKSTEIN

The complainant, William D. Saunders, seeks an award of $5,381.25 in [attorney's] fees and $955.22 in expenses. The respondent, the City of Roanoke, concedes that the complainant is entitled to counsel fees and costs through the entry of the Court's decree of July 7, 1988, but objects to (a) payment of attorney's fees at the lawyer's usual hourly rate for time consumed in travel by complainant's counsel, (b) payment of attorney's fees and expenses that the City contends were incurred in connection with represention in the City's Grievance Procedure, and (c) payment of attorney's fees and costs for legal services rendered subsequent to the Court's determination that the City violated the complainant's due process rights. The City also contends that "in light of the simplicity of the law and facts in the case at bar and Petitioner's limited success . . . the Petitioner's fee demand is unreasonable and should be reduced."

The Court finds unpersuasive the arguments raised by the City against the fees and expenses sought by counsel

for the complainant and, therefore, with one exception that the Court makes *sua sponte*, I will award fees, costs, and expenses in accordance with the request.

## Travel Time

On the question of whether counsel should be compensated at his usual rate for travel time, I agree with the analyses contained in *Crumbaker v. Merit Systems Protection Board*, 781 F.2d 191 (Fed. Cir. 1986), *modified* 827 F.2d 761 (Fed. Cir. 1987), and *Henry v. Webermeier*, 738 F.2d 188 (7th Cir. 1984). Time spent in travel for one client's case is time that cannot be billed to any other client. "That is why lawyers invariably charge their clients for travel time, and usually at the same rate they charge for other time." *Id. at 194.*

## Prelitigation Services

Mr. Neil C. Bonney's itemized statement contains 2.3 hours billed for services that Mr. Dibling apparently would characterize as representation in connection with the Grievance Procedure, rather than the litigation. It does not appear that Mr. Bonney [complainant's attorney] actually participated in Grievance Procedures at this stage. Rather, it appears, Mr. Saunders was keeping his lawyer apprised of actions he was taking, and of the City's reactions, and was obtaining the lawyer's advice about further steps to take. In view of the services rendered, and the time at which they were rendered, *and under the unique facts of this case*, I think it is fair to characterize these services as preparation for litigation, and that the fee awarded should include this time.

## Remedy Phase of the Case

I think it incorrect, and overly simplistic, to assert that the complainant did not prevail in the remedy phase of the case and that no fee award should be made for any services rendered after the Court made its decision on liability. As Mr. Dibling [the city attorney] notes, the parties agreed to bifurcate questions of liability and remedy. The liability decision, of course, did not

determine remedy questions. Between the liability decision and the remedy hearing, the time records reflect, substantial time was spent by Mr. Bonney in exchanging records with, and negotiating with, the City Attorney. Correspondence from counsel to the Court confirm that negotiations were taking place.

At the remedy hearing, the complainant made substantial and substantive arguments for remedies other than the one that the Court fashioned in this chancery case. The remedy arrived at was the one which, in the Court's opinion, was best calculated to make the complainant whole, *i.e.*, to put him in the position he would have occupied had the City not violated his rights. The fact that the City's Attorney argued that this was the most appropriate remedy, having previously argued that no remedy was appropriate, does not mean that the complainant failed to prevail in the second phase of the case. The question of what remedy or award was appropriate was inextricably intertwined with the City's violation of the complainant's due process rights, and thus the doctrine of *Hensley v. Eckerhart*, 461 U.S. 424 (1983), is inapplicable to this case. The complainant obtained a decree in his favor, albeit not the decree he most would have preferred, and I am satisfied that the complainant is entitled to an award of counsel fees for the remedy hearing.

### Complexity of the Case

Although the city Attorney now argues that both the law and the facts in this case were simple, the City strongly contested liability, strongly argued that the law did not favor the complainant, and strongly contested the complainant's interpretation of relatively uncontroverted facts. The Court's liability decision was based on the conclusion that the City's employees had misunderstood or misapplied governing law. Counsel and the Court agreed, at the damages hearing, that the law concerning damages awards for violation of procedural due process rights is murky. I have reviewed Mr. Bonney's itemized statement of services rendered, and, in the absence of any evidence to the contrary, cannot find that more time was spent than should have been spent. Nor, under current conditions as I know them, and in the absence of any evidence to

the contrary, can I find that hourly fees charged were out of the ordinary.

### Services in Connection With Fee Petition; Conclusion

I do note, however, that Mr. Bonney's itemized statement includes a total of 1.8 hours, at $100.00 per hour, for work on the motion for attorney fees, and that Mr. Bonney asks an additional $225.00 for responding the City's memorandum in objection to counsel fees. It is my strong feeling, a feeling I had when practicing law, that it is rarely appropriate for an attorney to charge for the time spent in billing a case. This, in my opinion, is an "overhead" or "housekeeping" factor that goes into the setting of hourly billing rates, along with many other factors. Counsel fee awards lie within the sound discretion of the Court, and the Court in its discretion in this case is of the opinion that, notwithstanding the fact that Mr. Bonney had to prepare and file a fee petition in this case and felt compelled to respond to the City's first memorandum opposing his fee request, no award should be made which is specifically allocable to the fee-award phase of the case. Therefore, I will reduce the original fee request by $180.00 and disallow the request for an additional $225.00. The court will therefore award, in fees and expenses, a total of $5,931.47.