996 F.2d 319
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dena L. BULLION, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 No. 93-3004.
 United States Court of Appeals, Federal Circuit.
 April 27, 1993.
 
 Before NIES, Chief Judge, and MAYER and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dena L. Bullion appeals the final decision of the Merit Systems Protection Board granting her motion and awarding attorney fees and costs in the amount of $22,048.44. Bullion v. Department of Transp., No. SE0752920122-A-1 (August 6, 1992). We affirm-in-part, reverse-in-part, and remand.
 
 
 2
 Bullion appealed her removal from her position as an Air Traffic Control Specialist. This appeal was dismissed by the Merit Systems Protection Board based on a settlement agreement between Bullion and the Department of Transportation, wherein the agency agreed to pay Bullion "reasonable" attorney fees incurred in bringing the appeal. Bullion filed a motion with the board for reimbursement of fees in the amount of $25,415.10. The administrative judge denied some of the requested fees, reducing the fee award to $22,048.44.
 
 
 3
 Section 7701(g)(1) of Title 5 authorizes the board to award attorney fees to a prevailing party if the board determines that payment of such fees is in the interest of justice. The board has broad discretion in awarding attorney fees under section 7701(g)(1) and this court accords the board's determination great deference. Sterner v. Department of the Army, 711 F.2d 1563, 1568 (Fed.Cir.1983). We can only set aside a decision of the board that is arbitrary, capricious, contrary to law or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988); see Wise v. Merit Systems Protection Board, 780 F.2d 997, 1000 (Fed.Cir.1985).
 
 
 4
 In its appellate brief, the agency concedes that the AJ erred in calculating Bullion's claim for car rental expenses and agrees that she should be awarded an additional $153.60 to correct the error. To this extent, the decision of the board is reversed and on remand the board will award the additional costs in the amount of $153.60.
 
 
 5
 In reviewing the board's decision of what a "reasonable" fee award is, we have likened the board to a district judge entertaining a request for statutory fees. Crumbaker v. Merit Systems Protection Board, 781 F.2d 191, 195, (Fed.Cir.1986), modified, 827 F.2d 761 (Fed.Cir.1987). The deciding official " 'has to make a judgment--considering the nature of the case and the details of the request,'...' and defending his judgment in a reasoned (though brief) opinion ...' " Id. (citation omitted). The evidence supports the AJ's conclusion that the increase in Bullion's attorney's billing rate was unwarranted and that the lower billing rate originally agreed upon was reasonable. In addition, the board's conclusion that Bullion failed to justify the presence of an additional attorney at the hearing, while debatable, was not reversible, and the resulting reduction in the fee award must stand. The same goes for the board's determinations about the reasonableness of the number of hours spent by Bullion's attorney in pursuing the appeal. Accordingly, we affirm the remainder of the board's decision, and each party will bear its own costs.