Present:   All the Justices

RUSSELL COUNTY DEPARTMENT
OF SOCIAL SERVICES
                          OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 990309              January 14, 2000

SHEILAH JACKSON O'QUINN

              FROM THE CIRCUIT COURT OF RUSSELL COUNTY
                  Nicholas E. Persin, Judge Designate

     The primary issue we consider in this appeal is whether

Code §§ 8.01-186 and -191, which are contained in the Virginia

Declaratory Judgment Act, authorize a circuit court to award

attorney's fees to a prevailing litigant.

     The relevant facts are not in dispute.  The Russell

County Department of Social Services reassigned its employee,

Sheilah Jackson O'Quinn, from a position of child protective

services worker to a different position within the Department

of Social Services.  O'Quinn considered the reassignment a

demotion, and she filed a grievance utilizing the Russell

County grievance procedure.

     James Gillespie, Russell County Administrator, ultimately

determined that O'Quinn should be reinstated to her former

position as a child protective services worker.  The

Department of Social Services filed a bill of complaint for

declaratory judgment in the circuit court, styled Russell

County Department of Social Services v. O'Quinn, and requested

that the court declare that the county administrator had

erroneously determined that O'Quinn's complaint was grievable. The circuit court dismissed the bill of complaint because the court concluded that it lacked subject matter jurisdiction.

O'Quinn instituted this proceeding by filing a suit for declaratory and injunctive relief. She requested that the circuit court compel the Department of Social Services to reinstate her to the position of child protective services worker. She also requested attorney's fees and costs. The circuit court entered a decree which, among other things, ordered O'Quinn's reinstatement and established a schedule for the filing of O'Quinn's verified petition for attorney's fees and costs. Subsequently, the court considered O'Quinn's petition for attorney's fees, and memoranda submitted by counsel for O'Quinn and the Department of Social Services, and entered a decree which awarded O'Quinn $6,405 in attorney's fees and $1,075 in costs. The court stated in its decree that a "[c]ourt, sitting in equity, is vested with the authority and discretion to award reasonable attorney's fees and costs as 'further relief' pursuant to . . . Code . . . §§ 8.01-186 and 8.01-191." The Department of Social Services appeals.

Code § 8.01-186 states:

> "Further relief based on a declaratory judgment order or decree may be granted whenever necessary or proper. The application shall be by motion to a court having jurisdiction to grant the relief. If the application is deemed sufficient the court

2

shall, on reasonable notice, require an adverse party whose rights have been adjudicated by the declaration of right to show cause why further relief should not be granted forthwith."

Code § 8.01-191 states:

"This article is declared to be remedial. Its purpose is to afford relief from the uncertainty and insecurity attendant upon controversies over legal rights, without requiring one of the parties interested so to invade the rights asserted by the other as to entitle him to maintain an ordinary action therefor. It is to be liberally interpreted and administered with a view to making the courts more serviceable to the people."

The Department of Social Services argues that the circuit court erred in awarding attorney's fees to O'Quinn because neither the Virginia Declaratory Judgment Act nor any other statute provides for such an award. Responding, O'Quinn asserts that Code §§ 8.01-186 and -191 authorize a circuit court to award attorney's fees to a prevailing litigant. Continuing, O'Quinn contends that Code § 8.01-191 mandates that courts liberally construe the statutes contained in the Virginia Declaratory Judgment Act and that the words "further relief" contained in Code § 8.01-186 authorize a court to make an award of attorney's fees. We disagree with O'Quinn.

The plain language contained in Code § 8.01-191 requires that the courts interpret and administer the Virginia Declaratory Judgment Act "with a view to making the courts

3

more serviceable to the people."  This statute, however, does not authorize a court to make an award of attorney's fees.

We have repeatedly stated that the "general rule in this Commonwealth is that in the absence of a statute or contract to the contrary, a court may not award attorney's fees to the prevailing party."  Prospect Development Co. v. Bershader, 258 Va. 75, 92, 515 S.E.2d 291, 300 (1999); accord Gilmore v. Basic Industries, Inc., 233 Va. 485, 490, 357 S.E.2d 514, 517 (1987).  Even though we have recognized that there are certain exceptions to this rule, none of those exceptions is pertinent here.  See Bershader, 258 Va. at 92, 515 S.E.2d at 300. Rather, O'Quinn must identify a specific statutory grant of authority that enables a court to award attorney's fees to her.

Contrary to O'Quinn's assertion, the phrase "further relief" contained in § 8.01-186 does not authorize a court to award attorney's fees to a litigant.  Rather, that term permits a court to enter necessary orders to implement or enforce a declaratory judgment entered by the court.  See Winborne v. Doyle, 190 Va. 867, 872-73, 59 S.E.2d 90, 93 (1950).  We simply cannot, and will not, infer that the General Assembly intended to authorize a court to award attorney's fees in a declaratory judgment action when the

4

Virginia Declaratory Judgment Act fails expressly to grant such authority.

The Department of Social Services also contends that the circuit court erred in awarding costs to O'Quinn that included costs she incurred in the first proceeding that the Department of Social Services initiated, and the present proceeding. The Department of Social Services asserts that the proceedings are two distinct proceedings, and O'Quinn is not entitled to recover for costs incurred in the former proceeding. The Department of Social Services also asserts that the circuit court abused its discretion by awarding certain costs because such costs are not recoverable. O'Quinn argues that the Department of Social Services failed to raise these issues in the circuit court and, therefore, these issues cannot be asserted for the first time on appeal. We agree with O'Quinn.

The Department of Social Services argued in the circuit court that the decision to award costs was within the discretion of the court, but it "would not be 'just and proper'" to award costs to O'Quinn. The Department of Social Services did not assert in the circuit court the arguments that it raises here. We will not permit the Department of Social Services to raise these issues for the first time on appeal. Rule 5:25.

Accordingly, we will affirm that portion of the circuit court's judgment which awards costs to O'Quinn, we will reverse that portion of the judgment which awards attorney's fees, and we will enter final judgment here.

<u>Affirmed in part</u>,
<u>reversed in part</u>,
<u>and final judgment</u>.