## CIRCUIT COURT OF AMHERST COUNTY

Walter Sturmfels
and Yvonne Sturmfels

v.

Richard K. Mays,
d/b/a Premier Homes,
and EHI Modular Co., Inc.

June 13, 2005

Case No. CL05006151

BY JUDGE J. MICHAEL GAMBLE

I am writing to rule upon the demurrer filed by Richard K. Mays, d/b/a Premier Homes. In this regard, the demurrer to Count 1 of the motion for judgment is overruled, the demurrer to Count 2 of the motion for judgment is sustained with leave to amend, and the demurrer to Count 3 is sustained. Also, the demurrer to the claim for attorney's fees is sustained.

Richard K. Mays, d/b/a Premier Homes, demurs to Count 1 on the grounds that the construction contract does not contain a "time is of the essence" provision. Additionally, Mays demurs on the grounds that Count 1 does not allege that the plaintiffs have fully performed their contract.

It is not necessary for the contract to contain a time of the essence provision in order to allege that there is a breach by failure to perform the contract in a timely manner. Virginia follows the general common law rule that when a contract is silent as to the time of performance, the law implies a reasonable time. What constitutes a reasonable time is determined by the trier of fact. *Grossman v. Saunders*, 237 Va. 113, 120-21 (1989). Next, it is not necessary for the plaintiffs to allege that

they have fully performed their obligations under the contract. The plaintiffs have sufficiently alleged a breach of contract by the defendant. Even if the contract has not been completed, the plaintiffs have the right to seek damages if there has been a material breach by the defendant. The defendant in this instance may recover for the value of his work even though the contract has not been fulfilled. *Kirk Reid Co. v. Fine*, 205 Va. 778, 786-89, 139 S.E.2d 829 (1965).

The plaintiffs do not contest the demurrer of Mays to Count 2 of the motion for judgment. Count 2 alleges a statutory breach of implied warranty under Va. Code § 55-70.1. The Court will, however, allow the plaintiffs to amend Count 2 within 21 days of the date of this letter to allege a violation of statutory warranty under Va. Code § 55-70.1 if the plaintiffs are so advised. As discussed below, there may still be a common law implied warranty claim under the doctrine established in *Mann v. Clowser*, 190 Va. 887, 901, 59 S.E.2d 78 (1950).

As noted above, the demurrer to Count 3 is sustained and this count is dismissed. Court 3 alleges a breach of express warranty under Va. Code § 8.2-313 (Uniform Commercial Code). This warranty only applies to a sale of goods. Va. Code § 8.2-105(1) identifies "Goods" as defined as "all things . . . which are moveable at the time of identification to the contract of sale." In the instant case, Mays did not contract to sell to the plaintiffs a moveable object, *i.e.*, goods. The contract is clearly a home construction contract. Under the contract between the plaintiffs and Mays, a "Turn Key" contract was entered into. Mays was required to furnish the home and perform the work necessary to attach it to the real estate and make it habitable. Accordingly, this is a contract for the construction of new home and not a contract for the purchase of goods. This analysis could possibly be different if Mays was simply selling the modular home to the plaintiffs and the plaintiffs would attach it to the real estate. However, the contract in this case is clearly a construction contract between a contractor and homeowners. Va. Code § 58.1-602 defines "modular building" to be a structure "intended to become real estate."

By virtue of this being a construction contract, the duties of the parties are defined by the terms of the contract and possibly by the implied common law warranties of workmanship set forth in *Mann v. Clowser*, 190 Va. 887, 901, 59 S.E.2d 78 (1950). It should be noted that Va. Code § 55-70.1, the statutory implied warranty on new dwellings, does not abolish any common law warranties.

Before leaving the discussion of the demurrer to Count 3 there should be a parenthetical note. As between Mays and the manufacturer of

144

the modular home in this case, EHI Modular Company, Inc., the U.C.C. warranties may apply. In this instance, the analysis that the modular home is a good may be applicable.

Next, Mays states his demurrer to the claim of the plaintiffs for attorney's fees. The demurrer is sustained, and this claim is dismissed.

Virginia follows the so-called "American Rule." Under this rule, each party bears their own litigation costs. *Russell County Dep't of Soc. Servs. v. Quinn*, 259 Va. 139, 142, 523 S.E.2d 492 (2000). The exceptions to this rule are where there is a statutory or contractual right to attorney's fees, a common fund, a common benefit, or bad faith. *Prospect Development Co. v. Bershader*, 258 Va. 75, 92, 515 S.E.2d 291 (1999); *see also* 2A M.J., *Attorney and Client*, § 38.1. None of these exceptions to the American Rule have been alleged by the plaintiffs. Thus, the demurrer is sustained.

Last, I will address the demurrer of EHI. EHI filed its demurrer stating that the plaintiffs have failed to allege damages in an amount of the difference between the value of the goods as accepted and the value of the goods as warranted. The Court overruled this demurrer on the grounds that damages were a matter of proof at trial in this case. The Court notes, however, that there does appear to be a substantial privity of contract issue between the plaintiffs and EHI. There has been no allegation of a contractual relationship. Va. Code § 8.01-223 appears to require privity of contract except in cases involving damage or injury to person or property. This is an issue that needs to be addressed prior to trial.