30

# CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Daniel T. Couch et al.

v.

Manassas Autocars, Inc., et al.

July 17, 2008

Case No. (Law) 62623

BY JUDGE ROSSIE D. ALSTON, JR.

This court received notice of the decision of the Supreme Court of Virginia in the above styled case on July 18, 2007. [*Manassas Autocars, Inc. v. Couch*, 274 Va. 82 (2007).] The Supreme Court affirmed the judgment appealed from and remanded the case to this court for a determination of the appropriate fee to be awarded on appeal. After consideration of the record in this matter and review of the applicable case law, this court reaches the following conclusions.

*Background*

On March 13-15, 2006, the parties were before this Court on a trial on the merits. The Plaintiffs' Amended Motion for Judgment had six counts: (1) Revocation of Acceptance, (2) Rescission Due to Mutual Mistake, (3) Fraud, (4) Violation of the Virginia Consumer Protection Act, (5) Breach of Warranty, and (6) Breach of Contract.

The jury found in favor of the Plaintiffs, the Couches, on two counts. The jury found that the Plaintiffs properly revoked acceptance of the vehicle under Va. Code § 8.2-608 and found that the Defendant's deceptive advertisement violated Va. Code § 59.1-200(A)(8) of the Virginia Consumer Protection Act (VCPA). The Plaintiffs requested attorney's fees in relation to both the revocation and the VCPA claims.

On April 19, 2006, the Court held a subsequent hearing on attorney's fees. The Court entered an Order for judgment for $11,118, plus interest, court costs, and attorney's fees in the amount of $16,780.93.

On May 17, 2006, the Defendant filed a Notice of Appeal to the Supreme Court of Virginia. On July 17, 2007, the Supreme Court upheld all rulings by this Court. The case was remanded for a determination of the appropriate amount of attorney's fees to be awarded on appeal.

Pursuant to the remand of the Supreme Court, this court asked the Plaintiffs to submit their application for attorney's fees. The Plaintiffs' application requested $15,031.50 for fees incurred in appeal and post-trial matters. Plaintiffs' Counsel indicated that he performed 53 hours of work on the appeal at the rate of $285.00 per hour. Additionally, the Plaintiffs requested $741.00 for work in connection with the Application for Attorney's Fees. In support of the Application, the Plaintiffs submitted an Affidavit of Attorney's Fees and an Accounting of billed hours. In total, the Plaintiffs requested $15,772.50 in attorney's fees.

The Defendant, Manassas Autocars, Inc., took exception to the Plaintiffs' Application for Attorney's Fees on several grounds. First, the Defendant argued that the Plaintiffs can only claim an award of attorney's fees for work on the claim pursuant to the Virginia Consumer Protection Act, and not for work on other claims in the action. Second, the Defendant argued that the amount of attorney's fees requested by the Plaintiffs is not reasonable. The Defendant argued that the requested fees are excessive in relation to the damages and fees awarded at trial. The Defendant argued that the requested fees reflect unnecessary work, non-legal work, and travel time. The Defendant also argued that time spent on the application for attorney's fees is not compensable. These arguments are addressed in greater detail below.

## Analysis

### A. Whether the Award Is Limited to Specific Claims

This Court finds that the Plaintiffs can only claim an award of attorney's fees for work on the VCPA claim. There is neither a contractual nor a statutory provision for attorney's fees in relation to the revocation claim.

32

### 1. *Statutory Basis for Attorney's Fees*

Attorney's fees are not recoverable in the absence of a specific contractual or statutory provision to the contrary. *Tonti v. Akbari*, 262 Va. 681, 685, 553 S.E.2d 769 (2001) ("[A] trial court may not award attorney's fees to a party merely on the basis of that party's having prevailed upon an issue or cause. This is the so-called 'American Rule'."); *Russell County Dep't of Soc. Servs. v. O'Quinn*, 259 Va. 139, 142, 523 S.E.2d 492 (2000).

In this case, the Plaintiffs prevailed on two claims: (1) the VCPA and (2) revocation of acceptance. The VCPA has a clear statutory provision which allows for the award of reasonable attorney's fees. See Va. Code § 59.1-204(B) ("[I]n addition to any damages awarded, such person also may be awarded reasonable attorneys' fees and court costs."). As to revocation of acceptance, Va. Code §§ 8.2-608 and 8.2-711 provide that a buyer may recover monetary damages but do not provide for the recovery of attorney's fees. Thus, there is no apparent basis for recovery of attorney's fees in relation to the revocation claim.

### 2. *Award Limited to Claims Which Permit Recovery of Fees*

The U.S. Supreme Court has held that when a party brings multiple claims that are factually intertwined, the statutorily-authorized attorney's fee should not be reduced simply because the party prevailed on some claims and lost on others. *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). An exception to this rule arises when attorney's fees are only recoverable for some of the claims in the case. Virginia courts have held that where multiple claims exist, only one of which permits the recovery of attorney's fees, the party requesting attorney's fees must fairly and reasonably separate out its attorney's fees with specificity. *Ulloa v. QSP, Inc.*, 271 Va. 72, 83, 624 S.E.2d 43 (2006).

A party is not entitled to recover fees for work performed on claims which do not allow for attorney's fees. *Ulloa*, 271 Va. at 82; *Unger v. Beatty*, 52 Va. Cir. 289, 297 (Fairfax County 2000); *Kelley v. Little Charlie's Auto Sales*, No. 4:04CV00083, 2006 U.S. Dist. LEXIS 59171 (W.D. Va. 2006); *see also Schlegel v. Bank of America*, 271 Va. 542, 555, 628 S.E.2d 362 (2006) (reversing and remanding for reassessment of attorney's fees an award for successful interpleader claim, in part because award included fees incurred for litigating issues unrelated to the interpleader); *Peter Farrell Supercars, Inc. v. Monsen*, 82 Fed. Appx. 293, 300 (4th Cir. 2003) (affirming district court's

award of attorney's fees which rejected almost one-third of the fees as "duplicative or unrelated to the VCPA claim"). For example, if a contract shifts the responsibility of attorney's fees to the losing party, a prevailing party may not recover fees for work performed on unsuccessful claims. *West Square, L.L.C. v. Communication Techs.*, 274 Va. 425, 434, 649 S.E.2d 698 (2007); *Ulloa v. QSP, Inc.*, 271 Va. 72, 82, 624 S.E.2d 43 (2006); *Chawla v. BurgerBusters, Inc.*, 255 Va. 616, 624, 499 S.E.2d 829 (1998) ("Neither party shall be entitled to recover fees for duplicative work or for work that was performed on unsuccessful claims."); *Miller v. Becker*, 2007 Va. Cir. LEXIS 242 (City of Winchester 2007) ("[J]udgment on the merits of the claim is the *sine qua non* for the recovery of attorney's fees.").

In *Ulloa*, the Plaintiff claimed attorney's fees for its success on claims for breach of contract and for misappropriation of trade secrets. *Ulloa*, 271 Va. at 76. Under the procedure adopted by the parties, attorney's fees were only sought under the fee-shifting language of the contract and not under the trade secrets statute. *Id.* at 81-82. The Virginia Supreme Court observed that the contract only allowed for attorney's fees incurred in an "action relating to this agreement" and the trade secrets claim was not an "action relating" to the contract. *Id.* at 82-83. The Court explained that simply because a party's claims were "intimately intertwined and depended upon a common factual basis" does not mean that the party is relieved of the burden "to establish to a reasonable degree of specificity those attorney's fees" associated with its successful claim. *Id.* at 83. Because there was no provision for attorney's fees for the trade secrets claim, the Court held it was error to award fees for both claims. *Id.*

In *Unger*, a Plaintiff sued for nuisance, breach of contract, and trespass, but the Defendant's demurrer was granted as to all three counts. *Unger*, 52 Va. Cir. at 295. The Defendant sought to recover all of its attorney's fees based on the contract between the parties. *Id.* at 295-96. However, the contract granting the award of attorney's fees only applied to the breach of contract claim. Accordingly, the court awarded only one-third of the total amount of reasonable attorney's fees. *Id.* The circuit court reasoned that *Hensley* was inapplicable because, under fee-shifting federal statutes, attorney's fees were recoverable for all of the claims in *Hensley*. *Id.* at 296. But in *Unger*, there was no statutory or contractual basis for attorney's fees for either the nuisance or trespass claims. The court concluded, "The separation of fees is thus as to work for which no fees would ever have been recoverable, as opposed to work for which, if successful, fees might have been recovered." *Id.*

In *Kelley*, the Plaintiff prevailed on both VCPA and fraud claims. *Kelley*, 2006 U.S. Dist. LEXIS 59171, at *2. Of those claims, only the VCPA claim entitled the Plaintiff to attorney's fees. *Id.* at *17. In considering the

34

reasonableness of the fees requested, the court observed, "I reject Plaintiff's reliance on *Hensley*. The distinguishing issue between [this case and *Hensley*] is that only one of Plaintiff's claims that was ultimately submitted to the fact-finder contained a guarantee of attorney's fees. By contrast, all of the claims initially brought by the *Hensley* plaintiffs guaranteed attorney's fees even though the plaintiffs only prevailed on some of them." *Id*. at *18-19. Thus, although the Plaintiff requested $14,737.50, the court awarded $7,500 in attorney's fees because not all of the services performed by the attorney were necessary to the Plaintiff's case. *Id*. at *13-20.

In this case, there were two claims considered on appeal. Of those two claims, the Plaintiffs were only entitled to attorney's fees in relation to the VCPA claim, not the revocation claim. Although *Hensley* would seem to dictate that the court should look at the overall result in the litigation rather than individual claims, it is apparent that this case is distinguishable from *Hensley* because attorney's fees are not recoverable on all claims. As in *Ulloa*, even if the claims were based on a common set of facts, attorney's fees can only be awarded if there is a contractual or statutory authority for doing so. As in *Unger* and *Kelley*, it is appropriate to limit attorney's fees to those claims which are eligible for such fees. With this in mind, it is necessary to evaluate the reasonableness of the attorney's fees claimed.

B. *Whether the Amount Claimed Is Reasonable*

This Court finds that the Plaintiffs adequately demonstrated that the requested fees are reasonable with two exceptions. This court believes a reduction of fees is appropriate because the award should not include work performed on the revocation claim nor should it include non-legal services.

A party "requesting an award of attorney's fees must establish a prima facie case that the fees requested are reasonable." *Schlegel v. Bank of America*, 271 Va. 542, 556, 628 S.E.2d 362 (2006); *Chawla v. BurgerBusters, Inc.*, 255 Va. 616, 623, 499 S.E.2d 829 (1998); *Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven, Ltd.*, 253 Va. 93, 96, 480 S.E.2d 471 (1997). A court should "weigh the testimony of attorneys as to the value of the services, by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying to it their own experience and knowledge of the character of such services." *Holmes v. LG Marion Corp.*, 258 Va. 473, 479 (1999) (quoting *Beale v. King*, 204 Va. 443, 132 S.E.2d 476 (1963)). Expert testimony regarding the reasonableness of the fees is not required in every case. See *Tazewell Oil Co. v. United Va. Bank*, 243 Va. 94, 413 S.E.2d 611 (1992) (holding affidavit and billing records sufficient).

The Virginia Supreme Court has provided a non-exhaustive list of factors to consider in determining what constitutes a reasonable attorney's fee. These factors are:

(1) The time and effort expended by the attorney;
(2) The nature of the services rendered;
(3) The complexity of the services;
(4) The value of the services to the client;
(5) The results obtained;
(6) Whether the fees incurred were consistent with those generally charged for similar services; and
(7) Whether the services were necessary and appropriate.

*Schlegel v. Bank of Am., N.A.*, 271 Va. 542, 556, 628 S.E.2d 362 (2006) (citing *Chawla v. Burgerbusters*, 255 Va. 616, 623, 499 S.E.2d 829 (1998)).

### 1. *The Time and Effort Expended by the Attorney*

The Defendant argues that spending 12.6 hours preparing for oral argument and 8.5 hours for legal research was excessive. The Plaintiffs point out that the appeal was initiated by the Defendant, not themselves. Further, the Plaintiffs' attorney performed the work necessary to prevent losing on appeal. This court finds that the Plaintiffs adequately demonstrated, through an affidavit and detailed invoice, that the amount of time and labor required to successfully defend this case on appeal was reasonable.

### 2. *The Nature of the Services Rendered*

The Plaintiffs point out that their attorney was retained specifically to pursue the specialized consumer protection laws at issue. The Defendant did not challenge the Plaintiffs' claim that their attorney provided special expertise.

### 3. *The Complexity of the Services*

The Plaintiffs argued that several novel issues were presented on appeal. The Defendant argued that the appeal presented the same legal issues and same legal authority as considered at trial. This court does not find that the case was unusually complex although it was very contested.

### 4. *The Value of the Services to the Client*

The Defendant argues that $15,772.50 for attorney's fees on appeal is excessive by comparison to the damages and attorney's fees awarded at trial. The total damages awarded were $11,118 and the Plaintiffs received $16,780.93 in attorney's fees at the trial stage.

However, the ratio of the attorney's fees to the recovery is not necessarily relevant. The Virginia Supreme Court has stated that the "fee-shifting provisions of the VCPA are designed to encourage private enforcement of the provisions of the statute." *Wilkins v. Peninsula Motor Cars, Inc.*, 266 Va. 558, 563, 587 S.E.2d 581 (2003). Because there is no basis to believe that the work performed was unnecessary, it is not appropriate to reduce the fees. *Maximus, Inc. v. Lockheed Info. Mgmt. Sys. Co.*, 47 Va. Cir. 193, 204-05 (City of Richmond 1998) ("Where the legislature has enacted a fee-shifting statute, it would be unfair to penalize a lawyer, or the lawyer's client, for pursuing a case in which the potential monetary recovery is small. In fact, to do so would defeat the very purpose of fee-shifting statutes generally since one of their purposes is to encourage lawyers to take cases that they otherwise would not take.").

This court finds that the value of the services rendered by Plaintiffs' counsel were significant because they were successful in maintaining a favorable outcome.

### 5. *The Results Obtained*

The Plaintiffs prevailed on two of the six counts during trial. On appeal, the Supreme Court affirmed both counts. The result both at the trial of the matter and on appeal was therefore highly successful. However, as discussed in detail above, there is no basis for an award of attorney's fees on the revocation claim. See, e.g., *Unger v. Beatty*, 52 Va. Cir. 289, 297 (Fairfax County 2000).

In its fee award presentation, the Plaintiffs did not "fairly and reasonably separate out [their] attorney's fees with specificity." *Ulloa*, 271 Va. at 83. This is problematic. The Defendant argues that the Supreme Court devoted a "sizeable portion" of its opinion to the revocation issue. The Plaintiffs argue that, if the Court finds that the time spent on the revocation issue should not be compensated, "the Court should look to the length of the respective portions of the briefs." The Plaintiffs note that their appellate brief raised 8 issues and was seventeen pages long, but only one page was devoted to the revocation issue. The Plaintiffs further note that Defendant's brief was

twenty-two pages long, but only three pages were devoted to the revocation issue. Finally, the Supreme Court's ten page decision only spent 1½ pages on the revocation issue.

This court finds that a 50/50 split of the attorney's fees as suggested by the Defendants would not be appropriate because considerably more time was devoted to the VCPA claim than the revocation claim on appeal. Instead, without the benefit of a "bright line" analytical perspective for considering the attorney's fee application, this court will reduce the amount awarded by 25%.

*6. Whether the Fees Incurred Were Consistent with Those Generally Charged for Similar Services*

The Plaintiffs' attorney claims his standard hourly billing rate is $325. The Plaintiffs' attorney suggests that he only charged $285 per hour in this case. That Plaintiffs' attorney argued that he specializes in consumer law and is one of few attorneys willing to accept cases like this one. The Defendant did not challenge the rate charged by Plaintiffs' attorney and this court finds the rate is reasonable under the circumstances.

*7. Whether the Services Were Necessary and Appropriate*

The Defendant argued that certain fees were not necessary or appropriate, namely non-legal services, travel time, and work performed in preparing the application for attorney's fees.

(a) Non-Legal Services Are Not Compensable

The Defendant is correct that a claim for reimbursement of attorney's fees should not include non-legal services such as the costs of contract paralegals, office overhead expenses, or clerical expenses. *Mullins v. Virginia Lutheran Homes*, 44 Va. Cir. 156, 160 (City of Roanoke 1997); *Jeffries v. GMC*, 40 Va. Cir. 127 (City of Norfolk 1996); *Sykes v. GMC*, 40 Va. Cir. 129 (City of Norfolk 1996).

Some of the charges disputed by the Defendant apparently constituted legal service to the client (i.e. telephone conference with client on October 31, 2006, and finalizing the brief on December 26, 2006). This court will not award fees for work performed by "Wanda" at the cost of $39 on December

27, 2006,[1] nor for work performed by "Cathy" at the cost of $30 on August 1, 2007. While the court is in no way questioning the relative value of these services, this work was apparently performed by administrative or paralegal personnel and is not compensable as attorney's fees. Thus, the total fees should be reduced by $69.

(b) Travel Time Is Compensable

The attorney's travel time is compensable. *Saunders v. City of Roanoke*, 13 Va. Cir. 378, 379 (City of Roanoke 1988) ("Time spent in travel for one client's case is time that cannot be billed to any other client."). Therefore, the Defendant's objection as to fees for travel time should be overruled.

(c) Time Spent on Application for Attorney's Fees Is Compensable

It is true that an attorney may not collect fees for time spent in preparing a motion for fees where the work on the motion was merely housekeeping or unnecessary work. See, e.g., *Saunders v. City of Roanoke*, 13 Va. Cir. 378, 379 (City of Roanoke 1988) ("[I]t is rarely appropriate for an attorney to charge for the time spent in billing a case. This, in my opinion, is an 'overhead' or 'housekeeping' factor that goes into the setting of hourly billing rates, along with many other factors.").

However, an attorney may be reimbursed for his time spent in seeking fees under a fee-shifting statute. See *Green v. Insurance Claim Cars, Inc.*, 45 Va. Cir. 158, 158 (City of Richmond 1998) ("[T]he same legislative intent necessarily inherent in the enactment of fee-shifting statutes requires that lawyers be reimbursed for their time in enforcing the fee-shifting provisions of those statutes."); *Stepp v. Foster*, 47 Va. Cir. 379, 386 (Fairfax County 1998) ("[T]o find that Defendants are owed fees and then to require them to bear their own fees to defend their fees flies in the face of common sense as well as legal sense."), rev'd in part on other grounds, 259 Va. 210, 524 S.E.2d 866 (2000); *Maximus, Inc. v. Lockheed Info. Mgmt. Sys. Co.*, 47 Va. Cir. 193, 205 (City of Richmond 1998) ("[T]he court rejects defendants' argument that Maximus' lawyers are not entitled to recover fees for their efforts to recover fees . . . litigating the issue of fees and costs is as much a part of a lawsuit as any other part."); see also *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979) (holding that "time reasonably spent by plaintiff's attorneys in establishing their fee would be compensable").

---

[1] The Plaintiffs concede the work performed on December 27, 2006, should not be billed.

Accordingly, this court overrules the Defendant's objection to the fees incurred while preparing the application for attorney's fees. This court finds that the work performed on the appeal was necessary and appropriate.

### 8. *Final Overview of Factors*

Thus, this court finds that the fees claimed are reasonable with the exception of two issues. First, it is appropriate to reduce the award by 25% because attorney's fees incurred in relation to the revocation claim are not compensable. Second, it is appropriate to reduce the award by $69 for charges for non-legal services.

### *Conclusion*

This Court finds that some of the Defendant's objections to the Plaintiffs' application for attorney's fees have merit. First, Virginia courts have held that a party is not entitled to recover fees for work performed on claims which do not allow for attorney's fees. While the VCPA provides for reasonable attorney's fees, there is neither a statutory nor a contractual provision for an award of fees in relation to the revocation claim. Second, the Plaintiffs adequately demonstrated that the amount of work spent on appeal was reasonable. However, it is apparent that work performed on the revocation claim and non-legal services are not compensable.

A reduction of the amount claimed is appropriate. The amount of $15,772.50 is reduced by $69 for charges for non-legal services. The remaining balance of $15,703.50 is reduced by 25% because work performed on the revocation claim is not compensable. Thus, the award should be reduced by $3,925.88 for a total award of $11,777.64.